### (April 27, 1967)

■ Joseph Di Russo, Respondent, v. Daniel Kravitz, Appellant. [11442.] — Order filed April 14, 1966 denying defendant's motion for leave to renew a motion previously made pursuant to CPLR 3012 (subd. [b]) reversed on the law, the facts, and in the exercise of discretion, and the motion to renew is granted, with $50 costs and disbursements to defendant and the case dismissed *nunc pro tunc* as of November 29, 1963. The original motion to dismiss the action was made pursuant to CPLR 3012 (subd. [b]) on the ground that plaintiff had, at the time the motion was made, failed to serve a complaint for approximately one year after a demand therefor had been made. In opposition to the original motion to dismiss, plaintiff submitted an affidavit claiming that during the period from August, 1962, and just about up to the date the affidavit was sworn to, he was incapacitated due to two heart attacks; one being suffered in August of 1962, and the second heart attack suffered thereafter. It was plaintiff's claim that he was " totally disabled and confined to either the hospital or [his] home * * * [and that] because of the seriousness of [his] illnesses and [his] continued poor health, [his] doctors had advised [him] to postpone any serious discussions." Apparently, on the basis of the affidavit containing such statements, Special Term denied that motion. In any event, without such statements, the motion should have been granted. Upon the trial of the action it was revealed that those statements made by the plaintiff were false. It was shown, clearly, that plaintiff had but one heart attack and that that attack was in August of 1962 which was more than a year prior to the date of the making of the motion and, indeed, prior to the date on which the summons was served. In addition, it was shown that the plaintiff was not incapacitated during the period from the date the summons was served up until the time the motion to dismiss was made. Far from that, the proof revealed that plaintiff was actively seeking to obtain a barber's license and did, in fact, make an application for such license; submitted to the necessary interviews therefor and took the necessary tests — and all this was done during the period in which he claimed to be incapacitated. It was shown beyond doubt that the statements plaintiff made in his affidavit were false. Except for such fraudulent statements there would have been no justification for the failure to serve the complaint and the motion to dismiss should, and probably would have been granted. In opposition to the motion to rehear and to dismiss the case, it is urged that at the time the motion to rehear was made the action had been tried and was awaiting a decision. That is not sufficient reason to deny the relief to which the defendant would be so clearly entitled. The plaintiff should not profit by his own wrong. He submitted a false affidavit which was a fraud on the court and had the effect of defeating defendant's right to the relief which he should have received on his original motion to dismiss the complaint. Now that the facts are clear, defendant should not be denied the relief to which he was then entitled, merely because the plaintiff has been successful in keeping the truth from the court up to a time where there had been a trial. Concur — Steuer, Rabin and McNally, JJ.; Eager, J. P., and Capozzoli, J., dissent and vote to affirm.

■ Joseph Di Russo, Respondent, v. Daniel Kravitz, Appellant. [11443.] — In view of our decision in No. 11442, the appeal from the order entered on November 29, 1963 is dismissed as academic, without costs or disbursements to either party. Concur — Steuer, Rabin and McNally, JJ.; Eager, J. P., and Capozzoli, J., concur on constraint of the determination of appeal No. 11442, decided herewith.