THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CHARLES L. NICHOLS, Appellant.

Third Department, September 24, 1981

**APPEARANCES OF COUNSEL**

*Robert L. Flack* for appellant.

*Stewart E. McDivitt, District Attorney (Karen F. McGee*
and *Ronald R. Fox* of counsel), for respondent.

**OPINION OF THE COURT**

HERLIHY, J.

When defendant pleaded guilty to the felony charge, it
was clearly and expressly upon the bargain that, *inter alia,*
the sentence would be "the minimum sentence permissible
which would be imprisonment for one and one-half to three
to be served consecutively with [his] current sentence."
The trial court expressly committed itself to grant the
opportunity to defendant to withdraw the plea of guilty if
the recommended sentence was found by it to be inappro-
priate following a consideration of the presentence investi-
gation. At sentencing, defendant admitted to a prior con-
viction on October 12, 1979 of the crime of robbery in the

second degree and, accordingly, the court proceeded to impose sentence pursuant to section 70.06 of the Penal Law as a second felony offender. The bargained sentence of one and one-half to three years was imposed to run consecutively with the sentence defendant was presently serving when convicted for escape.

Defendant now contends that the sentence imposed violates his right to equal protection of the law because subdivision 2-a of section 70.25 of the Penal Law requires that a sentence for criminals currently serving an undischarged indeterminate sentence previously imposed by a New York court, when convicted as a second felony offender pursuant to section 70.06 of the Penal Law, must be served consecutively to such sentence, while subdivision 4 of said section 70.25 provides that if the undischarged sentence is one imposed by an out-of-State jurisdiction the court *may* direct the current sentence to run *concurrently* with the prior sentence.

At the outset, it is noted that although subdivision 4 of section 70.25 of the Penal Law would appear to give the court discretion to authorize the imposition of "concurrent" sentences on recidivists subject to undischarged terms of imprisonment issued by courts of other jurisdictions, it is expressly "subject to the provisions of subdivisions one, two and three of this section". Subdivision 1 is expressly made subject to subdivision 2-a which mandates consecutive sentences for persons sentenced as second felony offenders. Accordingly, defendant has not established any basis for alleging a distinction in the equal protection of the laws afforded him as being previously convicted in New York and someone previously convicted in another jurisdiction pursuant to sections 70.06 and/or 70.25 of the Penal Law.

In any event, upon the merits, there is nothing to suggest that New York State is engaging in any form of discrimination if it chooses to extend the period of incarceration for those persons who have previously violated *its* laws while not treating so seriously a prior violation of the laws of another jurisdiction. The justification for a differential in the classification and treatment of those who choose to engage in multiple violations of New York laws, upon subsequent conviction, as set forth in the concurring

opinion of Chief Judge COOKE in *People v Pacheco* (53 NY2d 663, 666-670), applies equally to the present case and requires a rejection of the claim of a lack of equal protection.

The remaining contentions of defendant have been considered and we find no substantial merit to those assertions as showing a failure of an equal protection of the law to this particular defendant.

The judgment should be affirmed.

SWEENEY, J. P., CASEY, YESAWICH, JR., and WEISS, JJ., concur.

Judgment affirmed.