■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. WATKINS, Appellant. — Appeal from a judgment of the County Court of Schuyler County (Ellison, J.), rendered October 2, 1980, convicting defendant upon his plea of guilty of the crime of escape in the second degree. Judgment affirmed (see *People v Nichols,* 82 AD2d 632). Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.

■ JUDY DEAN, Respondent, v RICHARD A. BODETTE, Appellant. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered March 26, 1981 in Clinton County, which denied defendant's motion to dismiss the complaint. Plaintiff commenced her action to recover damages for injuries flowing from an assault in an August 31, 1979 shooting incident, and the wanton and willful conduct of defendant who was her paramour and with whom she lived. Service of a summons and notice was effected on September 2, 1980. A notice of appearance and demand for a complaint was received on September 4, 1980. The complaint received by defendant on November 25, 1980 was immediately returned as untimely. Defendant has appealed Special Term's denial of his motion to dismiss the action for failure to timely serve the complaint. The decision at Special Term should be affirmed. Upon motion, a court *may* dismiss an action if service of the complaint is not made within 20 days after service of the demand (CPLR 3012, subd [b]). The decision rests within the sound discretion of the trial court. Although plaintiff's complaint was served 57 days beyond the statutory time limitation, the record demonstrates both a reasonable excuse for the delay and a meritorious claim (see *Barasch v Micucci,* 49 NY2d 594). Plaintiff, fearing threats to her safety, awaited the outcome of defendant's criminal trial before serving her complaint to be sure he was safely behind bars. There was no abuse of discretion by Special Term. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.