■ In the Matter of ANGEL ROLON, Appellant, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered July 28, 1989 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondents' calculation of petitioner's term of imprisonment.

In this *pro se* CPLR article 78 proceeding petitioner, an inmate of Clinton Correctional Facility in Clinton County, challenges the calculation of his term of imprisonment. On February 9, 1979, petitioner was sentenced to a prison term having a maximum of 10 years following his conviction for robbery in the first degree. Petitioner was paroled on that charge on August 2, 1984. On May 30, 1985, petitioner was sentenced pursuant to his conviction of a subsequent robbery in the first degree for which he had been arrested on October 6, 1984, two months after his parole. This sentence was for a term of 12½ to 25 years as a second violent felony offender. The sentence did not explicitly state that it was to run consecutively to the prior undischarged sentence. However, respondents calculated the 1985 sentence as running consecutively to the undischarged portion of the 1979 sentence which added three years, four months and one day (the undischarged portion of the 1979 sentence) to petitioner's maximum expiration date and a corresponding percentage to his conditional release date. Supreme Court dismissed petitioner's application, concluding that petitioner is deemed to have been sentenced consecutively under Penal Law § 70.25 (2-a).

On this appeal, petitioner relies on Penal Law § 70.25 (1), which provides that if a sentencing court does not specify the manner in which a sentence is to run it shall run concurrently. Petitioner is in error in this contention since Penal Law § 70.25 (1) is expressly made subject to subdivision (2-a) *(People v Nichols,* 82 AD2d 632, 633). Under section 70.25 (2-a) "an indeterminate sentence" imposed upon a multiple offender "must * * * run consecutively" to a prior undischarged indeterminate sentence. Petitioner was sentenced as a second violent felony offender pursuant to Penal Law § 70.04. Petitioner admitted the prior violent felony. Therefore, respondents correctly calculated petitioner's term of imprisonment and his petition was properly dismissed by Supreme Court. Its judgment should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.