■ In the Matter of ERWIN JACKSON, Appellant, v RODNEY MOODY, as Inmate Records Coordinator of the New York State Department of Correctional Services, et al., Respondents. [632 NYS2d 325] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 28, 1994 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents computing petitioner's prison sentence.

On April 18, 1985, petitioner was sentenced to two concurrent prison terms of 10 to 20 years after being convicted of the crimes of robbery in the first degree and criminal use of firearms in the first degree. He remained in the Nassau County Jail pending the resolution of an indictment charging him with an unrelated burglary. Thereafter, petitioner was convicted of the burglary charge and on July 3, 1985 was sentenced as a second felony offender to a prison term of 10 to 20 years to run "consecutively with the sentence presently being served". Petitioner contends that because he was not remanded to the custody of respondent Department of Correctional Services until August 9, 1985, he was not serving a sentence at the time the July 3, 1985 sentence was imposed and, consequently, this sentence should not have been computed to run consecutive to the prior sentence.

We find petitioner's argument to be without merit. The sentencing minutes reveal that the court clearly intended the July 3, 1985 sentence to run consecutive to the sentence imposed three months earlier on April 18, 1985. The fact that petitioner had not been physically delivered to the custody of the Department of Correctional Services as of July 3, 1985 is not dispositive. Petitioner was serving time in a local jail for which he was entitled to credit toward his April 18, 1985 sentence (*see,* Penal Law § 70.30 [3]) and, in essence, had begun

to serve his time on this sentence when the July 3, 1985 sentence was imposed. Accordingly, we find that Supreme Court properly dismissed the petition.

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.