■ In the Matter of ERWIN JACKSON, Appellant, v DIANE WOLFORD, as Inmate Records Coordinator, et al., Respondents. [649 NYS2d 59] —Appeal from a judgment of the Supreme Court (Carpinello, J.), entered January 23, 1996 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondents' calculation of the length of petitioner's sentence.

Petitioner was convicted in 1979 of the crime of robbery in the first degree and was sentenced to an indeterminate term of incarceration of 5 to 15 years. Petitioner was released on parole in 1983, with approximately nine years remaining on the maximum term of that sentence. While on parole, however, petitioner committed additional crimes resulting in two judgments of conviction. The first judgment, rendered in April 1985, convicted petitioner of the crimes of robbery in the first degree and criminal use of a firearm in the first degree and sentenced petitioner as a second violent felony offender to an indeterminate prison term of 10 to 20 years on each count, with the sentences to run concurrently (*People v Jackson*, 145 AD2d 646). The second judgment, rendered in July 1985, convicted defendant of the crime of robbery in the first degree and sentenced him as a second felony offender to an additional indeterminate term of incarceration of 10 to 20 years (*People v Jackson*, 151 AD2d 694).

Petitioner contends that the three sentences imposed upon him in 1985 should not have been construed by respondents as running consecutively to the approximately nine years remaining on his undischarged sentence imposed in 1979 because

County Court did not make an express provision to this effect on the record. This contention is unavailing.\*

Pursuant to Penal Law § 70.25 (2-a), the sentences imposed upon petitioner in 1985 were required to run consecutively to the undischarged portion of petitioner's 1979 sentence, notwithstanding County Court's silence on this issue (*see, Matter of Rolon v Senkowski*, 160 AD2d 1072, *appeal dismissed* 76 NY2d 772). County Court had no discretionary authority to rule otherwise (*see,* Penal Law § 70.25 [2-a]; *compare,* Penal Law § 70.25 [1]); hence, there was no need for the court to specifically state that the newly imposed sentences were to run consecutively to petitioner's preexisting unexpired sentence. This provision was already mandated by statute.

Cardona, P. J., Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

\* This Court previously ruled against petitioner in a case wherein he argued that the July 1985 sentence should not run consecutively to the April 1985 sentences (*see, Matter of Jackson v Moody*, 220 AD2d 914, *lv denied* 87 NY2d 806).