■ In the Matter of MARK SINGLETON, Appellant, v WIL-FREDO BATISTA, as Superintendent of Camp Georgetown Correctional Facility, et al., Respondents. [653 NYS2d 402] —Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered May 1, 1996 in Madison County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was sentenced in February 1992 to 1 to 3 years' imprisonment for his conviction of the crime of attempted robbery in the third degree. In November 1992, petitioner was arrested while on a temporary release program and was sentenced in June 1993 upon his conviction of the crime of attempted burglary in the second degree to a term of imprisonment of $2^{1}/_{2}$ to 5 years. Sentenced as a second felony offender, petitioner's second sentence, by statute, was to be served consecutively with his first (see, Penal Law § 70.25 [2-a]). Petitioner then filed this application for a writ of habeas corpus, contending, inter alia, that the 231 days he served in jail from the time of his arrest in November 1992 until his return to a State correctional facility in July 1993 should have been credited against his initial sentence rather than against his subsequent sentence. We disagree. The 231 days of jail time in question were correctly credited against petitioner's second sentence because the maximum period of his second sentence exceeded the time remaining on the maximum of his first sentence (see, Penal Law § 70.30 [1], [3]; see also, Penal Law § 70.30 [7]; Matter of Rogers v Coughlin, 196 AD2d 924). We have examined petitioner's remaining arguments and find them to be unpersuasive.

Mercure, J. P., Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.