■ In the Matter of VICTOR SANTIAGO, Appellant, v RICHARD J. VAN ZANDT, as Superintendent of Washington Correctional Facility, Respondent. [654 NYS2d 421] —Appeal from a judgment of the Supreme Court (Berke, J.), entered July 3, 1996 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's determination calculating the length of petitioner's sentence.

Petitioner was convicted in 1986 of the crime of manslaughter in the first degree and was sentenced to a prison term of $4^{1}/_{2}$ to $13^{1}/_{2}$ years. In January 1995, before the expiration of his 1986 sentence, petitioner was convicted of the crime of attempted criminal sale of a controlled substance in the third degree and sentenced as a second felony offender to a prison term of 3 to 6 years.

Petitioner contends that, pursuant to Penal Law § 70.25 (1) (a), the 1995 sentence should have been construed as running concurrently with the remaining years on his undischarged sentence imposed in 1986, rather than consecutively thereto, since Supreme Court was silent on this issue. Penal Law § 70.25 (2-a) mandates that the sentence imposed upon petitioner in 1995 is to be served consecutively to petitioner's unexpired sentence (*see, Matter of Jackson v Wolford*, 232 AD2d 795, 796; *Matter of Rolon v Senkowski*, 160 AD2d 1072, *appeal dismissed* 76 NY2d 772). Hence, there was no need for the court to make an express provision that the newly imposed sentence run consecutive to petitioner's 1986 undischarged sentence.

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.