■ In the Matter of JOHN GRANT, Respondent, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, et al., Appellants. [677 NYS2d 651] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner was convicted of criminal sale of a controlled substance in the third degree and sentenced on January 7, 1994 to serve an indeterminate term of incarceration of 1 to 3 years. He was released from a correctional facility as part of a temporary work release program on February 2, 1994. He absconded on May 11, 1994. Petitioner was arrested 1½ months later and convicted of reckless endangerment in the first degree. He was sentenced as a second felony offender to an indeterminate term of incarceration of

2½ to 5 years. The order of commitment does not state whether the sentence is to run concurrently or consecutively with the undischarged sentence. Under the circumstances, however, the second sentence must run consecutively with the previous undischarged sentence (*see,* Penal Law § 70.25 [2-a]; *Matter of White v Van Zandt,* 236 AD2d 763; *Matter of Santiago v Van Zandt,* 236 AD2d 728, *appeal dismissed* 89 NY2d 1085; *Matter of Jackson v Wolford,* 232 AD2d 795, 796, *lv denied* 89 NY2d 806; *Matter of Rolon v Senkowski,* 160 AD2d 1072, 1073, *appeal dismissed* 76 NY2d 772). Thus, correction officials properly computed the legal dates of petitioner's term of incarceration (*see, Matter of Rolon v Senkowski, supra*).

Upon converting the petition for a writ of habeas corpus to a petition for CPLR article 78 relief, Supreme Court concluded that correction officials could not recompute the legal dates for parole eligibility, conditional release and maximum expiration of petitioner's term of incarceration without first charging petitioner with a disciplinary violation and conducting a hearing to determine whether he absconded. Because no disciplinary proceeding had been commenced, the court directed respondent Commissioner of New York State Department of Correctional Services to recompute the legal dates of petitioner's term of incarceration. That was error. Correction officials are bound by the terms of the order of commitment and the provisions of Penal Law § 70.25 (1) and (2-a) and § 70.30 (7) (*see, People v Konigsberg,* 137 AD2d 142, 150, *lv denied* 72 NY2d 912, 1046; *Matter of Johnson v Smith,* 91 AD2d 825, 826; *Matter of Midgley v Smith,* 63 AD2d 223, 226). Those officials were required to compute the legal dates of petitioner's term of incarceration consistent with the order, statutes and records of petitioner's criminal and institutional history (*see, Matter of Rolon v Senkowski, supra*). If petitioner disputes the recomputation of the legal dates, he may commence an appropriate proceeding to challenge the recomputation. His contention that his jail time served before his conviction of reckless endangerment should have been credited against the previous undischarged sentence is devoid of merit (*see, Matter of Singleton v Batista,* 235 AD2d 874). Thus, we reverse the judgment and dismiss the petition. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—CPLR art 78.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.