■ NADIA FERRAN et al., Appellants, v GERALD A. DWYER, Respondent. [676 NYS2d 280] —Mikoll, J. P. Appeal from an order of the Supreme Court (Donohue, J.), entered February 3, 1997 in Albany County, which granted defendant's motion to dismiss the action for failure to timely serve the complaint.

We find no abuse of discretion in Supreme Court's granting defendant's motion to dismiss this action based upon plaintiffs' failure to timely serve a complaint.

On or about November 12, 1992, a fire occurred in the third floor of defendant's residence, which adjoined vacant property owned by plaintiffs. As a result of the fire, on or about November 11, 1995 plaintiffs, proceeding pro se, served upon defendant a summons with notice alleging, inter alia, negligence and various intentional torts relating to repair work performed on defendant's residence. Defendant served plaintiffs with a notice of appearance and demand for complaint on November 28, 1995. Failing to receive the complaint, defendant advised plaintiffs, by letter dated February 27, 1996, that he would seek dismissal of the action if he did not receive the complaint within 30 days. Plaintiffs did not serve the complaint until April 8, 1996, at which time defendant rejected the complaint, returned it as untimely and moved to dismiss the action. Supreme Court granted defendant's motion, finding that the delay in serving the complaint was substantial and that plaintiffs failed to establish a reasonable excuse therefor. Plaintiffs appeal.

Plaintiffs' first contention, that defendant did not properly serve plaintiff Mark Ferran with a demand for the complaint,

is unpreserved. Since this claim was not raised before Supreme Court, plaintiffs are precluded from doing so here (*see*, *General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759).

Pursuant to CPLR 3012 (b), plaintiffs were required to serve their complaint within 20 days after service of defendant's November 28, 1995 notice of appearance and demand for the complaint. They neither complied with this requirement nor with the 30-day deadline imposed by defendant in his letter of February 27, 1996, which clearly warned that a motion to dismiss would ensue failing receipt of the complaint within the specified period. Notably, decisions upon such motions are within the discretion of the trial court (*see*, *Dean v Bodette*, 84 AD2d 876).

As did Supreme Court, we find no merit in either of the justifications proffered by plaintiffs to excuse their delay. It is well settled that "[a] *pro se* litigant acquires no greater rights than those of any other litigant and cannot use such status to deprive [a] defendant of the same rights as other defendants" (*Brooks v Inn at Saratoga Assn.*, 188 AD2d 921; *Davis v Mutual of Omaha Ins. Co.*, 167 AD2d 714, 716). Furthermore, with respect to plaintiff Nadia Ferran's medical condition, we observe that the surgery, which she contends rendered her incapable of complying with defendant's demand for the complaint, occurred shortly before her commencement of the action in November 1995. While we may take judicial notice of a particular illness or condition as a phenomenon, we are without power to do so with respect to its occurrence and/or its effects upon a party, particularly in the absence of supporting medical evidence of which the record is devoid (*see*, *Di Russo v Kravitz*, 27 AD2d 926, *affd* 21 NY2d 1008).

We have reviewed the remaining contentions and find them similarly without merit.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.