■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HANSEN, Appellant. [700 NYS2d 759] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered February 10, 1995, convicting him of assault in the second degree and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant intended to cause physical injury to the victim when he kicked her in the eye during an argument (*see, People v Ozarowski,* 38 NY2d 481, 489; *People v Cruz,* 257 AD2d 664), that the victim sustained a "physical injury" within the meaning of the Penal Law (*see,* Penal Law § 10.00 [9]; *People v Sloan,* 202 AD2d 525; *People v Bailey,* 178 AD2d 846), and that the injury was inflicted by means of a dangerous instrument, i.e., the defendant's boot (*see,* Penal Law § 10.00 [13]; *People v Carter,* 53 NY2d 113; *People v Hansen,* 203 AD2d 588). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Gaimari,* 176 NY 84, 94).

Contrary to the defendant's contention, because he was a

second felony offender the sentencing court was without discretion to impose a sentence to run concurrently with that which he was serving on a prior assault conviction (*see,* Penal Law § 70.25 [2-a]; *People v Nichols,* 82 AD2d 632). Moreover, the defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.