■ In the Matter of DARRYL MADISON, Appellant, v GLENN S. GOORD et al., Respondents. [711 NYS2d 432] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated March 10, 1999, which calculated the length of petitioner's sentence of imprisonment, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Amodeo, J.), dated July 28, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner was convicted in 1988 of robbery in the first degree and was sentenced to an indeterminate term of 7½ to 15 years imprisonment. In April 1997, prior to the expiration of that sentence, the petitioner was convicted of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and was sentenced as a second felony offender to concurrent indeterminate terms of 5½ to 11 years imprisonment.

The petitioner contends that since the Supreme Court was

silent on the issue, pursuant to Penal Law § 70.25 (1) (a) the 1997 sentence should have been construed as running concurrently with the remaining years on his undischarged 1988 sentence, rather than as running consecutively to the 1988 sentence.

Pursuant to Penal Law § 70.25 (2-a), the 1997 sentence was required to run consecutively to the undischarged portion of the 1988 sentence, notwithstanding the Supreme Court's silence on the issue (*see, Matter of Santiago v Van Zandt,* 236 AD2d 728; *Matter of Jackson v Wolford,* 232 AD2d 795; *Matter of Rolon v Senkowski,* 160 AD2d 1072). The Supreme Court had no discretionary authority to rule otherwise; therefore, there was no need for the court to specifically state that the 1997 sentence was to run consecutively to the 1988 sentence. Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.