■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR BLANCO, Appellant. [793 NYS2d 776]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered November 21, 2002, convicting him of grand larceny in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not voluntary, knowing, and intelligent is based on alleged erroneous advice rendered by his trial counsel, which does not appear on the record, and thus his claim may not be considered on direct appeal (*see People v France*, 241 AD2d 525 [1997]).

The defendant's remaining contention is without merit. H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CASTAGNA, Appellant. [794 NYS2d 426]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered June 2, 2003, convicting him of attempted reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal encompassed his right to challenge his sentence as excessive (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Iorio*, 276 AD2d 564 [2000]). Moreover, since the defendant was a second felony offender, the sentence imposed was required to run consecutively to the undischarged sentence on the defendant's prior conviction (*see* Penal Law § 70.25 [2-a]; *Matter of Madison v Goord*, 274 AD2d 483, 484 [2000]; *People v Hansen*, 267 AD2d 474 [1999]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.