■ In the Matter of JOSE RIVERA, Appellant, v GLENN S. GOORD, Respondent. [808 NYS2d 315]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dated October 27, 2004, which calculated the length of the petitioner's sentence of imprisonment, the petitioner appeals from an order of the Supreme Court, Dutchess County (Dolan, J.), dated January 20, 2005, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

In 1993 the petitioner was sentenced to five indeterminate prison terms for various burglary-related crimes. In 2001 the petitioner was paroled. In 2002 the petitioner was convicted of two counts of attempted burglary in the second degree and one count of criminal sale of a controlled substance in the fifth degree. For the attempted burglary convictions, the petitioner was adjudicated a persistent violent felony offender and was sentenced to 12 years to life imprisonment. For the crime of criminal sale of a controlled substance in the fifth degree, the petitioner was sentenced to 2½ to 5 years' imprisonment and was adjudicated a second felony offender. The sentencing court did not address whether these sentences would run concurrently or consecutively to the unexpired portion of the 1993 sentences.

Contrary to the petitioner's contention, his status as a second felony offender and a persistent violent felon required that the sentences imposed in 2002 run consecutively to the undischarged sentence on the petitioner's prior convictions, despite the sentencing court's silence on the issue (see Penal Law § 70.25 [2-a]; *Matter of Madison v Goord*, 274 AD2d 483, 484 [2000]; *People v Castagna*, 18 AD3d 475 [2005]; *People v Reels*, 17 AD3d 488 [2005]; *People v Fucci*, 16 AD3d 597 [2005], *lv denied* 5 NY3d 788 [2005]; *Matter of Rolon v Senkowski*, 160 AD2d 1072 [1990]). Inasmuch as "the [sentencing court] had no discretionary authority to rule otherwise," there was no need for the court to specifically state that the 2002 sentences were to run consecutively to the 1993 sentences (*Matter of Madison v Goord, supra* at 484). Accordingly, the Supreme Court properly dismissed the petition challenging the respondent's determination.

The petitioner's remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Covello, JJ., concur.