Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered June 20, 2007, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence.
Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.
During the plea proceedings, the County Court failed to advise the defendant that his sentence would run consecutively to the undischarged sentence on his prior conviction. At sentencing, over the defendant’s objection, the County Court imposed a consecutive sentence pursuant to Penal Law § 70.25 (2-a).
When a court fails to advise the defendant of the direct consequences of the plea, the plea cannot be deemed knowing, voluntary, and intelligent, and the defendant must be given the opportunity to withdraw the plea (see People v Hill, 9 NY3d 189, 191 [2007], cert denied 553 US —, 128 S Ct 2430 [2008]; People v Harris, 61 NY2d 9, 17 [1983]). Since the consecutive sentence *695 was a direct consequence of the plea (see People v Ford, 86 NY2d 397, 403 [1995]; see also Penal Law § 70.25 [2-a]; Matter of Rivera v Goord, 24 AD3d 679, 680 [2005]), the court’s failure to advise the defendant at the time of the plea that his sentence would run consecutively to the undischarged sentence on his prior conviction prevented his plea from being knowing, voluntary, and intelligent (see People v Hill, 9 NY3d at 191; People v Louree, 8 NY3d 541, 545 [2007]; People v Catu, 4 NY3d 242, 245 [2005]). Accordingly, we reverse the judgment, vacate the plea, and remit the matter to the County Court, Suffolk County, for a new plea proceeding in which it shall advise the defendant that, should he elect to plead guilty, his sentence would run consecutively to the undischarged sentence on his prior conviction, and for further proceedings on the indictment thereafter. Rivera, J.E, Florio, Angiolillo, McCarthy and Chambers, JJ., concur.