■ In the Matter of DARREN ROBINSON, Respondent, v LUIS MARSHALL et al., Appellants. [894 NYS2d 491]—

In a proceeding, in effect, pursuant to CPLR article 78 to review an undated determination of the New York State Department of Correctional Services, which, in effect, calculated the sentences of imprisonment that were imposed upon the petitioner on September 5, 2002, to run consecutively to certain undischarged terms of imprisonment previously imposed upon him, Luis Marshall, Superintendent, Sing Sing Correctional Facility, and Brian Fischer, Commissioner, New York State Department of Correctional Services, appeal from a judgment of the

Supreme Court, Westchester County (Zambelli, J.), entered December 5, 2008, which, in effect, granted the petition to the extent of directing the New York State Department of Correctional Services to follow the procedure set forth in Correction Law § 601-a for obtaining a resentencing hearing before the Supreme Court, New York County.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

On September 5, 2002, on his convictions under New York County indictment Nos. 2622/02 and 2676/02, the petitioner was sentenced as a second felony offender to two concurrent indeterminate terms of 3 to 6 years imprisonment. The sentencing court did not specify how those sentences would be served with respect to any previously imposed, but undischarged, prison terms. The New York State Department of Correctional Services (hereinafter DOCS) subsequently determined that, under Penal Law § 70.25 (2-a), the 2002 sentences were required to run consecutively to four undischarged indeterminate prison terms imposed in 1989, 1991, 1993, and 1997. The petitioner commenced this proceeding, in effect, pursuant to CPLR article 78, to review that determination on the ground that DOCS had no authority to determine that the 2002 sentences were to be served consecutively to the undischarged terms. The Supreme Court granted the petition under authority of the decision of the Appellate Division, Third Department, in *People ex rel. Gill v Greene* (48 AD3d 1003 [2008]).

Subsequent to the Supreme Court's judgment, the Court of Appeals reversed the order of the Appellate Division, Third Department, in *People ex rel. Gill v Greene* (12 NY3d 1 [2009]). The Court of Appeals held that a sentencing court is not required under Penal Law § 70.25 (2-a) to specify that determinate or indeterminate sentences imposed on a predicate felony offender will run consecutively to previously imposed but undischarged determinate or indeterminate sentences for crimes committed before the commission of the current crime; they run consecutively by operation of law. Thus, contrary to the petitioner's contention, DOCS did not exceed its authority in determining that his 2002 prison terms must run consecutively to the previously imposed terms (12 NY3d at 6-7; *see Matter of Soto v Fischer*, 60 AD3d 1074, 1074-1075 [2009]). Mastro, J.P., Fisher, Belen and Austin, JJ., concur.