■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TAYLOR, Also Known as ANPU UNNEFER AMEN, Appellant. [898 NYS2d 511]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered August 13, 2007, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that judgment is affirmed.

On July 27, 2007, the defendant pleaded guilty to robbery in the third degree, a violation of Penal Law § 160.05. Following his plea, the defendant was adjudicated a second felony offender (*see* Penal Law § 70.06 [6] [d]), and sentenced to an indeterminate prison term of 2 to 4 years. The sentencing court was silent as to whether the sentence was to run concurrently with, or consecutive to, a previously imposed but undischarged prison term.

In *People ex rel. Gill v Greene* (12 NY3d 1 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]), the Court of Appeals held that a sentencing court is not required under Penal Law § 70.25 (2-a) to specify that determinate or indeterminate sentences imposed on a predicate felony offender will run consecutive to previously imposed but undischarged determinate or indeterminate sentences for crimes committed before the commission of the current crime; they run consecutively by operation of law (*see also Matter of Robinson v Marshall*, 70 AD3d 703, 704 [2010]). Thus, contrary to the defendant's contention, the sentencing court's silence on that issue does not require that his sentence be directed to run concurrently with his undischarged prison term.

The defendant's remaining contentions are without merit. Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.