██ In the Matter of MICHAEL OWEN HE'RON, Appellant, v DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [953 NYS2d 733]—

Appeal from a judgment of the Supreme Court (Melkonian, J.), entered December 20, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating the length of petitioner's prison sentence.

In May 1980, petitioner was sentenced to an aggregate prison term of 25 years to life in connection with his conviction of murder in the second degree and criminal possession of a weapon in the second degree. Thereafter, in August 1980, petitioner was sentenced to a prison term of 20 years to life in connection with his conviction of a separate charge of murder in the second degree. The sentencing and commitment form dated August 1980 states that the sentence shall run consecutively with the sentence "presently being served." Petitioner sought a recalculation of his sentence as determined by respondent, arguing that the sentencing court intended the May 1980 and August 1980 sentences to run concurrently. Respondent rejected petitioner's contention, prompting this proceeding pursuant to CPLR article 78. Supreme Court dismissed the petition and petitioner now appeals.

Petitioner argues that the note that appears on the August 1980 sentencing and commitment form regarding consecutive sentences refers to an undischarged period of probation. However, petitioner acknowledges that said probation was

discharged in July 1980. Furthermore, in a prior challenge to the calculation of his sentence before respondent, petitioner maintained that the May 1980 and August 1980 sentences were consecutive. Based upon the record before us, respondent's calculation of petitioner's sentence is consistent with the sentencing and commitment order and, inasmuch as respondent is bound by the terms thereof, we discern no error in respondent's determination (*see Matter of Thomas v Del Gaizo*, 92 AD3d 993, 994 [2012], *lv denied* 19 NY3d 803 [2012]; *Matter of Grant v Goord*, 252 AD2d 978, 979 [1998]; *People v Konigsberg*, 137 AD2d 142, 149-150 [1988], *lv denied* 72 NY2d 912 [1988]).

Mercure, J.P., Lahtinen, Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.