■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRIAN CORDOVANO, Respondent. [10 NYS3d 312]—

Appeals by the People from (1) an order of the County Court, Suffolk County (Efman, J.), dated October 9, 2013, which granted the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction, rendered July 30, 2012, as amended upon resentencing imposed September 27, 2012, to the extent of directing a hearing on the motion, and (2) a second resentence of the same court, imposed December 17, 2013, which imposed the same concurrent terms of incarceration as previously imposed upon the defendant's convictions of criminal possession of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled

substance in the fifth degree, but directed that they be served concurrently with an undischarged determinate sentence of imprisonment imposed upon a previous conviction.

Ordered that the appeal from the order dated October 9, 2013, is dismissed, as an appeal from that order is not authorized by CPL 450.20; and it is further,

Ordered that the second resentence imposed December 17, 2013, is reversed, on the law, and the resentence imposed September 27, 2012, is reinstated.

As the prosecution correctly contends, the second resentence imposed by the County Court on December 17, 2013, was illegal. The defendant was adjudicated a second felony offender pursuant to Penal Law § 70.06, based upon a predicate felony conviction for which sentence was imposed prior to his commission of the instant offenses. At the time of the second resentence, the defendant was subject to an undischarged sentence for his predicate felony conviction. Under those circumstances, pursuant to Penal Law § 70.25 (2-a), the terms of incarceration imposed for the instant crimes must run consecutively to the undischarged sentence (*see People ex rel. Gill v Greene*, 12 NY3d 1 [2009]; *Matter of Ramos v Connolly*, 74 AD3d 1080 [2010]; *People v Taylor*, 72 AD3d 991 [2010]; *Matter of Robinson v Marshall*, 70 AD3d 703 [2010]; *Matter of Rivera v Goord*, 24 AD3d 679 [2005]; *People v Castagna*, 18 AD3d 475 [2005]). Accordingly, the County Court had no discretion to resentence the defendant and direct that the terms of incarceration on his present convictions run concurrently with the prior undischarged sentence. Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.