■ In the Matter of SCOTT PARRILLA, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [711 NYS2d 570] —Appeal

from a judgment of the Supreme Court (Canfield, J.), entered January 26, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating the length of petitioner's sentence.

On September 7, 1990, petitioner was convicted of the crime of attempted robbery in the second degree and sentenced to a prison term of 2⅓ to 7 years. On November 5, 1990, petitioner was sentenced to a concurrent prison term of 2⅓ to 7 years for a conviction of robbery in the second degree. Petitioner was subsequently released in December 1992 to parole supervision. Petitioner thereafter committed another crime and, on June 24, 1996, was sentenced as a second violent felony offender to an indeterminate prison term of 7½ to 15 years for attempted murder in the second degree. Because the sentencing court did not indicate whether this latter sentence was to run consecutively or concurrently with the first one, petitioner contends that it must run concurrently. We disagree. Regardless of Supreme Court's silence on this issue, petitioner's 1996 sentence was required by law to be served consecutively to his preexisting unexpired sentence (*see*, Penal Law § 70.25 [2-a]; *Matter of White v Van Zandt*, 236 AD2d 763; *Matter of Jackson v Wolford*, 232 AD2d 795, *lv denied* 89 NY2d 806).

Mercure, J. P., Peters, Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.