■ In the Matter of LUIS SORIANO, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [801 NYS2d 847]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered November 8, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating the length of petitioner's sentence.

In February 1995, petitioner was convicted of robbery in the

first degree and sentenced to a term of imprisonment of 4⅓ to 13 years. Petitioner was released in February 2000 to parole supervision. In December 2000, petitioner was arrested and later convicted of the crime of manslaughter in the first degree. Petitioner was sentenced as a second violent felony offender to a prison term of 17 years.

Petitioner argues that, because the sentencing court was silent as to whether the 17-year sentence for manslaughter was to run consecutively or concurrently with the undischarged portion of the previous sentence for robbery, it must run concurrently. We disagree. Notwithstanding the sentencing court's failure to indicate as much, Penal Law § 70.25 (2-a) requires that petitioner's present 17-year sentence, imposed pursuant to Penal Law § 70.04, be served consecutively to his previous undischarged sentence (*see Matter of Tineo v New York State Div. of Parole*, 14 AD3d 949, 950 [2005]; *Matter of Parrilla v Goord*, 274 AD2d 820, 821 [2000]; *Matter of Forman v Potempa*, 261 AD2d 671, 671 [1999]).

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.