■ In the Matter of KAL WILLIAMS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [805 NYS2d 859]—

Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered March 16, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating the length of petitioner's sentence.

Petitioner was convicted in September 1990 of attempted robbery in the second degree and sentenced to a prison term of 2½ to 5 years. In June 1995, petitioner was released to parole supervision. Thereafter, in July 1997, petitioner again was convicted of attempted robbery in the second degree and sentenced as a persistent violent felony offender to a prison term of 12 years to life. Petitioner contends that because the sentencing court was silent as to whether the 1997 sentence was to run consecutive to the undischarged portion of the 1990 sentence, Penal Law § 70.25 (1) (a) requires that it must run concurrent. We disagree. Notwithstanding the sentencing court's silence in that regard, Penal Law § 70.25 (2-a) requires that petitioner's 1997 sentence, imposed pursuant to Penal Law § 70.08, run consecutive to his prior undischarged sentence (see Matter of Soriano v New York State Dept. of Correctional Servs., 21 AD3d 1233 [2005]; Matter of Tineo v New York State Div. of Parole, 14 AD3d 949, 950 [2005]).

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.