■ In the Matter of ABDUL EL-AZIZ, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [811 NYS2d 181]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered March 31, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services calculating the length of petitioner's sentence.

Petitioner was convicted in 1968 of numerous felonies and

was sentenced to an aggregate prison term of 40 to 60 years. Petitioner was subsequently released to parole supervision in 1980. Thereafter, in 1985, he was convicted of several more felonies and was sentenced to an aggregate prison term of 33½ to 67 years, with a reduction by operation of statutory law to 25 to 50 years. Petitioner commenced the instant CPLR article 78 proceeding contending that his 1985 sentence should have been construed as running concurrently with the remaining years on his undischarged sentence imposed in 1968, rather than consecutively thereto, since the commitment orders were silent with respect to this matter. Supreme Court dismissed the petition and this appeal ensued. We affirm.

Inasmuch as petitioner was sentenced in 1985 as a second felony offender, it was mandatory that his 1985 sentence run consecutively to his unexpired 1968 sentence, notwithstanding the fact that the sentencing court did not expressly indicate as much (*see* Penal Law § 70.25 [2-a]; *Matter of Madison v Goord*, 274 AD2d 483, 484 [2000]; *Matter of Santiago v Van Zandt*, 236 AD2d 728, 729 [1997], *appeal dismissed* 89 NY2d 1085 [1997]). Moreover, we find no error in the sentencing court's issuance of an amended order of commitment designating petitioner as a second felony offender, thereby correcting the inadvertent omission of such a designation from the original commitment order (*see People v Minaya*, 54 NY2d 360, 365 [1981], *cert denied* 455 US 1024 [1982]). Petitioner's remaining assertions have been examined and found to be without merit.

Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.