In the Matter of JERRY ADAMS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [817 NYS2d 159]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered June 9, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services calculating the length of petitioner's sentence.

Petitioner, having been convicted of multiple crimes, was sentenced in 1981 to an aggregate prison term of 4 to 8 years. Following his release to parole supervision, he was convicted of another crime and sentenced in 1985 as a second felony offender to 1½ to 3 years in prison. Petitioner was again paroled and, upon his convictions for numerous additional crimes, was sentenced in 1989 as a second violent felony offender to an aggregate prison term of 20 to 40 years. Petitioner subsequently

commenced this CPLR article 78 proceeding, asserting that his 1985 and 1989 sentences should be construed as running concurrently with the remaining years on the preexisting unexpired sentences, rather than consecutively thereto, since the commitment orders were silent in that regard. Supreme Court dismissed the petition, prompting this appeal.

Because petitioner was sentenced as a second felony offender and a second violent felony offender in 1985 and 1989, respectively, it is mandatory that such sentences run consecutively to his prior undischarged sentences, notwithstanding the fact that the sentencing courts did not expressly indicate same in the commitment orders (*see* Penal Law § 70.25 [2-a]; *Matter of Williams v Goord*, 25 AD3d 838, 838 [2006]; *Matter of Soriano v New York State Dept. of Correctional Servs.*, 21 AD3d 1233, 1234 [2005]; *Matter of Santiago v Van Zandt*, 236 AD2d 728, 729 [1997], *appeal dismissed* 89 NY2d 1085 [1997]). Accordingly, we are unpersuaded by petitioner's contention that the length of his sentence was improperly calculated.

Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.