■ In the Matter of RICHARD K. VALENTIN, Appellant, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [817 NYS2d 717]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered July 6, 2005 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating the length of petitioner's sentence.

In 1990, petitioner was convicted of the felonies of attempted robbery in the first degree, promoting prison contraband in the first degree and criminal possession of stolen property in the

third degree and was sentenced, respectively, to concurrent prison terms of 4 to 8 years and two terms of 3½ to 7 years. Petitioner was conditionally released in 1994 and committed additional crimes leading to his conviction in 1996 of, as relevant here, the felonies of robbery in the first degree, two counts of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, unauthorized use of a motor vehicle in the first degree and criminal possession of a weapon in the third degree (*People v Valentin*, 251 AD2d 520 [1998], *lv denied* 92 NY2d 907 [1998]). Petitioner was sentenced as a persistent violent felony offender to seven concurrent terms of 25 years to life. The sentencing commitment, however, was silent with respect to the manner in which these sentences were to run against petitioner's prior sentences. Thereafter, petitioner requested that his 1996 sentences be recalculated and that he receive credit for time served under his 1981 and 1990 sentences. His request was denied and his CPLR article 78 petition challenging that determination was dismissed. This appeal ensued.

We affirm. Initially, petitioner properly notes that Penal Law § 70.25 (1) (a) provides for concurrent sentences where a defendant convicted of multiple crimes is subject to an undischarged term of imprisonment and is subsequently sentenced to an additional prison term, but the sentencing court is silent as to how that sentence should run. This statute, however, does not apply where a defendant is sentenced as a persistent violent felony offender under Penal Law § 70.08. In such instance, the sentence imposed for the additional crime must run consecutive to any prior sentence for which there remains an undischarged term of imprisonment (*see* Penal Law § 70.25 [2-a]). Inasmuch as petitioner was sentenced as a persistent violent felony offender pursuant to Penal Law § 70.08, his 1996 sentences must run consecutive to the undischarged term of imprisonment that remained under his 1990 sentences (*see Matter of El-Aziz v Goord*, 27 AD3d 861 [2006]; *Matter of Soriano v New York State Dept. of Correctional Servs.*, 21 AD3d 1233, 1234 [2005]), and the petition was properly dismissed.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.