In the Matter of Dino Martinez, Appellant, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [816 NYS2d 689]—

Appeal from a judgment of the Supreme Court (O'Brien III, J.), entered October 5, 2005 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating the length of petitioner's sentence.

Petitioner was convicted of robbery in the second degree and grand larceny in the fourth degree and, in May 1988, was sentenced, respectively, to concurrent prison terms of 6 to 12 years and 2 to 4 years. In December 1988, following his conviction of attempted robbery in the second degree, he was

sentenced to 4 to 8 years in prison, to run concurrently with the prior sentences. He was subsequently released on parole and, while on parole, engaged in conduct resulting in his conviction of burglary in the second degree. In July 1998, he was sentenced as a persistent violent felony offender to 16 years to life in prison for this crime. The sentencing commitment was silent as to the manner in which this sentence was to run against petitioner's prior sentences. Petitioner requested that this sentence be deemed to run concurrently with his 1988 sentences and that he receive credit for the time he spent in prison under the prior sentences. His request was denied by the Department of Correctional Services, prompting him to commence this CPLR article 78 proceeding challenging the denial. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Notwithstanding the failure of the sentencing commitment to specify the manner in which petitioner's 1998 sentence was to run against his prior sentences, the imposition of a concurrent sentence under Penal Law § 70.25 (a) (1) was not warranted under the circumstances presented. Rather, given that petitioner was sentenced as a persistent violent felony offender under Penal Law § 70.08, his 1998 sentence must run consecutive to his prior sentences for which there remains an undischarged term of imprisonment (*see* Penal Law § 70.25 [2-a]; *Matter of El-Aziz v Goord*, 27 AD3d 861 [2006]; *Matter of Soriano v New York State Dept. of Correctional Servs.*, 21 AD3d 1233, 1234 [2005]). As petitioner was not entitled to a concurrent sentence, Supreme Court properly dismissed the petition.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.