■ In the Matter of ARVIN COLLINS, Appellant, v FRANCES WOODRUFF, as Inmate Record Coordinator of Shawangunk Correctional Facility, et al., Respondents. [821 NYS2d 496]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 25, 2005 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents calculating the length of petitioner's sentence.

In 1988, petitioner was convicted of robbery in the first degree and sentenced to a prison term of 7 to 14 years. Petitioner was released to parole supervision in 1996. In 2001, petitioner was convicted of two counts of murder in the second degree and one count of attempted murder in the second degree. Petitioner was sentenced to 25 years to life in prison on each of the murder convictions and, as a second violent felony offender, to a prison term of 25 years on the attempted murder conviction, all sentences to run concurrent with each other. Petitioner commenced this proceeding challenging respondents' calculation of his sentence, arguing that the 2001 sentence for attempted murder in the second degree must run concurrent with rather than consecutive to the undischarged portion of the 1988 sentence. Supreme Court dismissed petitioner's application, and he now appeals.

Petitioner's sentence for the attempted murder conviction, imposed pursuant to Penal Law § 70.04, is statutorily required to run consecutive to the undischarged portion of his prior sentence (*see* Penal Law § 70.25 [2-a]; *Matter of Soriano v New York State Dept. of Correctional Servs.*, 21 AD3d 1233, 1234 [2005]; *Matter of Slater v Goord*, 289 AD2d 884, 884 [2001], *lv denied* 97 NY2d 612 [2002]; *Matter of Parrilla v Goord*, 274 AD2d 820, 821 [2000]). Respondents' calculation of petitioner's sentence is in accordance with this mandate, and also complies with the sentencing and commitment directive that the 2001 sentences run concurrent with each other. Accordingly, we find that Supreme Court properly dismissed petitioner's application.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.