■ In the Matter of SHARIFF MYLES, Appellant, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [821 NYS2d 494]—

Rose, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered July 11, 2005 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Shawangunk Correctional Facility calculating the length of petitioner's sentence.

Having been convicted of criminal possession of stolen property in the third degree, petitioner was sentenced in 1990 to 1⅓ to 4 years in prison. Following his release to parole supervision, he was convicted of robbery in the first degree and sentenced in 1992 as a second felony offender to a term of imprisonment of 4½ to 9 years. Petitioner was again paroled and, upon his conviction for assault in the first degree, sentenced in 2001 as a second felony offender to 20 years in prison. He thereafter commenced this CPLR article 78 proceeding asserting that his 2001 sentence should be construed as running concurrently with the remaining years on the preexisting unexpired 1990 and 1992 sentences, instead of consecutively thereto, because the commitment order was silent in that regard. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Penal Law § 70.25 (2-a) mandates that petitioner's 2001 sentence, imposed as a second felony offender (see Penal Law § 70.06), run consecutively to the prior undischarged 1990 and 1992 sentences, notwithstanding the fact that the sentencing court did not indicate as much in the commitment order (see Matter of Adams v Goord, 29 AD3d 1237, 1238 [2006]; Matter of El-Aziz v Goord, 27 AD3d 861, 862 [2006]; Matter of Madison v Goord, 274 AD2d 483, 484 [2000]). Accordingly, we reject petitioner's contention that the length of his sentence was incorrectly calculated.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.