■ In the Matter of ERIC MOORE, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [822 NYS2d 830]—

Spain, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered May 25, 2005 in Albany County, which

dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services calculating the length of petitioner's sentence.

Petitioner, having been convicted of criminal possession of a weapon in the third degree, was sentenced in 1983 to seven years to life in prison. Following his release to parole supervision in 1992, he committed and was convicted of 17 additional felonies and sentenced in 1994 as a persistent violent felony offender on 16 counts and a second felony offender on one count to an aggregate prison term of 20 years to life. Petitioner thereafter commenced this CPLR article 78 proceeding contending that his 1994 sentences should be construed as running concurrently with the remaining years on the preexisting unexpired 1983 sentence, instead of consecutively thereto, because the 1994 commitment order was silent in that respect. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Penal Law § 70.25 (2-a) requires that petitioner's 1994 sentences, imposed as a persistent violent felony offender (*see* Penal Law § 70.08) and a second felony offender (*see* Penal Law § 70.06), run consecutively to the prior undischarged 1983 sentence, notwithstanding the fact that the sentencing court was silent as to the manner in which the 1994 sentences would run against his prior sentence (*see Matter of Adams v Goord*, 29 AD3d 1237, 1238 [2006]; *Matter of El-Aziz v Goord*, 27 AD3d 861, 862 [2006], *lv denied* 7 NY3d 704 [2006]; *Matter of Williams v Goord*, 25 AD3d 838, 838 [2006], *lv denied* 7 NY3d 701 [2006]; *accord Matter of Tafari v Goord*, 31 AD3d 843, 843-844 [2006]; *Matter of Martinez v Goord*, 30 AD3d 868, 869 [2006]; *Matter of Valentin v Smith*, 30 AD3d 862, 863 [2006]). Thus, we find unavailing petitioner's assertion that the length of his sentence was incorrectly calculated.

Cardona, P.J., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.