■ In the Matter of Lavogia Jackson, Appellant, v Joseph T. Smith, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [827 NYS2d 341]—

Crew III, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered August 4, 2005 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating the length of petitioner's sentence.

Following his conviction in 1985, 1988 and 1991 of various felonies, for which indeterminate prison sentences were imposed, petitioner was released to parole supervision in 2000. In 2001, petitioner was convicted of robbery in the first degree, attempted robbery in the first degree, sexual abuse in the first degree and grand larceny in the fourth degree, for which he was sentenced as a persistent violent felony offender to an aggregate prison term of 25 years to life. The sentencing commitment was silent as to the manner in which this sentence was to run against petitioner's prior unexpired sentences. His subsequent request that the 2001 sentence run concurrently with the preexisting unexpired sentences was rejected administratively, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge that determination. Supreme Court dismissed the petition, and this appeal ensued.

We affirm. Penal Law § 70.25 (2-a) provides that where, as here, an individual is sentenced as a persistent violent felony offender pursuant to Penal Law § 70.08 and, further, is subject to an undischarged indeterminate term of imprisonment imposed prior to the date upon which the instant crime was committed, "the court must impose a sentence to run consecutively with respect to such undischarged sentence" (Penal Law § 70.25 [2-a]). Hence, petitioner's 2001 sentence must run consecutively to his prior unexpired sentences (*see Matter of Tafari v Goord*, 31 AD3d 843 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Martinez v Goord*, 30 AD3d 868, 869 [2006]; *Matter of Valentin v Smith*, 30 AD3d 862, 863 [2006]), despite the fact that the commitment order was silent on this issue (*see Matter of Moore v Goord*, 34 AD3d 909, 910 [2006]; *Matter of Adams v Goord*, 29 AD3d 1237, 1238 [2006]). Accordingly, Supreme Court properly dismissed the petition.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.