■ In the Matter of Russell Gray, Appellant, v Glenn S. Goord, as Commissioner of Correctional Services, et al., Respondents. [829 NYS2d 264]—

Appeal from a judgment of the Supreme Court (Canfield, J.), entered December 1, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating the length of petitioner's sentence.

In 1981, petitioner was sentenced to $4^1/_2$ to $13^1/_2$ years in prison for his conviction of robbery in the first degree. In 1986, petitioner was twice convicted of promoting prison contraband in the first degree and received additional consecutive prison sentences of $3^1/_2$ to 7 years and 2 to 4 years. Petitioner was released to parole supervision in 1991 but, in 1995, was sentenced to concurrent prison terms of 21 years to life upon his conviction of murder in the second degree and 15 years to

_____

*of Taxation & Fin., supra* at 226) is but one factor in the responsible person analysis.

life upon his conviction of robbery in the first degree. Neither sentencing commitment specified the manner in which these sentences were to run against the prior undischarged sentences. As a result, the Department of Correctional Services calculated the sentence of 21 years to life to run concurrent with the prior undischarged terms and the sentence of 15 years to life, which was imposed upon petitioner as a persistent violent felony offender, to run consecutively. Thereafter, petitioner commenced this proceeding pursuant to CPLR article 78 contending that his sentence of 15 years to life should also run concurrent with the undischarged sentences. Supreme Court dismissed the petition, prompting this appeal.

Although the sentencing court was silent on the issue, Penal Law § 70.25 (2-a) requires that the sentence of 15 years to life, imposed as a persistent violent felony offender (*see* Penal Law § 70.08), run consecutively to the prior undischarged sentences (*see Matter of Moore v Goord*, 34 AD3d 909, 910 [2006]; *Matter of Martinez v Goord*, 30 AD3d 868, 869 [2006]; *Matter of Valentin v Smith*, 30 AD3d 862, 863 [2006], *lv denied* 7 NY3d 717 [2006]). To the extent that petitioner challenges his adjudication as a persistent violent felony offender, we note that review of such adjudication is not possible in the context of a CPLR article 78 proceeding (*see* CPLR 7801 [2]; *Matter of Caroselli v Goord*, 269 AD2d 706, 706-707 [2000], *lv denied* 95 NY2d 754 [2000]).

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.