■ The People of the State of New York ex rel. Anthony Gill, Appellant, v Gary Greene, as Superintendent of Great Meadow Correctional Facility, Respondent. [852 NYS2d 457]—

Kane, J. Appeal from a judgment of the Supreme Court (Berke, J.), entered December 28, 2006 in Washington County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was sentenced as a second felony offender but the sentencing court was silent as to whether his sentences should run consecutively or concurrently to his previously imposed sentences. The Department of Correctional Services (hereinafter DOCS), relying upon Penal Law § 70.25 (2-a), calculated the sentences as running consecutively. Petitioner commenced this proceeding challenging the legality of his incarceration. Supreme Court denied petitioner's application for a writ of habeas corpus, prompting this appeal.

Initially, because petitioner was conditionally released on parole, habeas corpus relief is no longer available to him (see People ex rel. Schoenwandt v Travis, 23 AD3d 806, 806 [2005]; People ex rel. Morales v Campbell, 298 AD2d 740, 741 [2002]). Rather than dismiss the proceeding as moot, however, we accede to petitioner's request to convert this CPLR article 70 proceeding to a CPLR article 78 proceeding (see CPLR 103 [c]).

Petitioner concedes that Penal Law § 70.25 (2-a) required that the sentencing court, when imposing sentence upon him as a second felony offender, impose the sentences consecutively to his undischarged sentences. But the sentencing court did not do so. Based upon the court's silence regarding the issue, petitioner contends that Penal Law § 70.25 (1) mandates that his sentences shall run concurrently. Thus, petitioner contends that although the court was required by law to impose consecutive sentences, DOCS could not correct the court's error. Indeed, the Legislature did not authorize DOCS to run sentences consecutively if the court did not so order. The Legislature has shown that while DOCS has a role in correcting an unlawful sentence, a court is the only body authorized to impose a correct sentence (see Matter of Dreher v Goord, 46 AD3d 1261, 1262 [2007]; compare Correction Law § 601-a [requiring wardens to contact the prosecuting district attorney when it appears that a person was erroneously sentenced, with the prosecutor to then arrange for the person to be taken before the sentencing court for purposes of resentencing]). "The only cognizable sentence is the one imposed by the judge. Any alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect" (Earley v Murray, 451 F3d 71, 75 [2d Cir 2006], cert denied 551 US —, 127 S Ct 3014 [2007]; see People v Duncan, 42 AD3d 470,

471 [2007], *lv denied* 9 NY3d 961 [2007]). We therefore agree with petitioner that DOCS had no authority to calculate his sentences consecutively where the court did not do so (*see Matter of Dreher v Goord, supra; but see Matter of Moore v Goord,* 34 AD3d 909, 910 [2006]).

Instead of usurping the power of the courts, upon discovering an illegal sentence DOCS should inform the prosecuting attorney or the sentencing court and allow the sentence to be corrected judicially (*see* Correction Law § 601-a; CPL 440.40 [1] [permitting prosecutors to move for resentencing]; *People v Richardson,* 100 NY2d 847, 852-853 [2003] [implying that courts have inherent power to sua sponte vacate an illegal sentence and resentence a defendant]; *see also People v Wright,* 56 NY2d 613, 615 [1982]), rather than administratively.

Cardona, P.J., Mercure, Spain and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition converted to a CPLR article 78 proceeding and petition granted to the extent of annulling the determination by the Department of Correctional Services that petitioner's sentences run consecutively.