*803 OPINION OF THE COURT
Henry F. Zwack, J.
In the present application for a writ of habeas corpus, relator challenges the determination by Department of Correctional Services (DOCS) to calculate his sentences consecutively. He argues that he is entitled to immediate release. Respondent opposes the application.
On February 4, 1994, relator was sentenced to an indeterminate term of imprisonment of V-h to 4V2 years upon his conviction for the crimes of burglary in the second degree and burglary in the third degree. While on parole release for these offenses, relator committed another second degree burglary. He was ultimately arrested and convicted of this offense. On December 15, 1995, relator was sentenced as a second violent felony offender to an indeterminate term of imprisonment of 4 to 8 years.
After yet another release to parole supervision, relator was again convicted of another felony offense. On June 29, 2004, relator was sentenced to a term of 2 to 4 years for the crime of burglary in the third degree. His 2004 sentence and commitment makes no mention of his 1994 and 1995 sentences, nor does it indicate whether the most recently imposed sentence was to run consecutively to or concurrently with any undischarged term of imprisonment. Nonetheless, the Department of Correctional Services has apparently administratively calculated relator’s sentence to run consecutively.
Relator argues that his 2004 sentence must run concurrently with his prior sentences by operation of law pursuant to People ex rel. Gill v Greene (48 AD3d 1003 [3d Dept 2008], lv granted 2008 NY Slip Op 76736[U] [June 26, 2008]). If the sentences were run concurrently, it appears undisputed that relator would have already reached the maximum expiration date of this sentence. Respondent, on the other hand, argues that Penal Law § 70.25 requires relator’s sentences to run consecutively. Respondent contends that despite Gill, the prior precedent of this and other judicial departments, which interpreted the Penal Law as requiring that the sentences run consecutively, should control unless and until the Court of Appeals conclusively determines this issue otherwise.
Courts have consistently held that the computation of a term of imprisonment is governed by Penal Law § 70.25 (2-a), which provides that when an indeterminate or determinate sentence is *804 imposed upon a second or persistent violent felony offender, the court must impose a sentence which runs consecutively to any undischarged prior sentence and that when the sentence is silent as to whether it runs consecutively or concurrently to a prior undischarged sentence, the new sentence or sentences must be deemed to run consecutively (see Matter of Adams v Goord, 29 AD3d 1237 [2006]; Matter of Williams v Goord, 25 AD3d 838 [2006]; Matter of Soriano v New York State Dept. of Correctional Servs., 21 AD3d 1233 [2005]). It has been held that, because the sentencing court does not have any discretion to impose a concurrent sentence, there is no need to state whether the new sentences are to run consecutively or concurrently with a prior undischarged sentence (see Matter of Rivera v Goord, 24 AD3d 679 [2005]; Matter of Madison v Goord, 274 AD2d 483 [2000]).
However, the Appellate Division, Third Department, has recently determined that a sentence which does not specify that it is to run consecutively to the prior undischarged sentence is erroneous and unlawful. It has further held that the Department of Correctional Services does not have any authority to calculate the sentences consecutively or to correct the error. Rather, the appropriate relief is remittal for resentencing (see Matter of Ettari v Fischer, 54 AD3d 460 [2008]; People ex rel. Gill v Greene, 48 AD3d at 1005). The court notes respondent’s argument that a statutory automatic stay of enforcement pursuant to CPLR 5519 is currently applicable to the parties in Gill. That provision, however, is applicable by its plain language only to cases currently on appeal. Nothing in the CPLR extends the scope of this automatic stay beyond the matter actually under appellate review. Accordingly, inasmuch as relator is not a party to the Gill matter, its precedent remains controlling for this litigation and its effect is not stayed.
The court notes that Penal Law § 70.25 (2-a) mandates that relator’s 2004 sentence run consecutively to his prior sentence. This is not in dispute and is even acknowledged by relator. While the Appellate Division, Third Department, has recently held that DOCS may not run sentences consecutively unless imposed by the sentencing court, this does not change the fact that relator’s sentence would still be an illegal sentence even if it were calculated to run concurrently and that relator is subject to a consecutive sentence by operation of law pursuant to Penal Law § 70.25 (2-a) (see Matter of Hopkins v New York State Bd. of Parole, 51 AD3d 1311 [3d Dept 2008]). Under analo *805 gous circumstances, courts have held that the proper procedure to correct such an error is a resentencing hearing (see e.g. People v Sparber, 10 NY3d 457 [2008] [holding that where sentencing court failed to make pronouncement at sentencing regarding postrelease supervision, remittal for resentencing was required to correct procedural error]; People v Carpenter, 19 AD3d 730 [3d Dept 2005]; see generally Correction Law § 601-a [setting forth the procedure for DOCS to follow to effect a resentencing of an erroneously sentenced person]). The sentencing court has the ability to correct its own errors at resentencing and this ability is not impeded by the one-year time limit set forth in CPL 440.40 (see Sparber, 10 NY3d at 471 n 6; People v Wright, 56 NY2d 613 [1982]). It has also been held that there can be no double jeopardy claims in this situation because the sentence to be imposed at resentencing will not be increased beyond any legitimate expectations of the previously sentenced person (see e.g. Carpenter, 19 AD3d at 732).
Based upon the foregoing, the court finds that while relator appears entitled to a resentencing hearing, he is not entitled to immediate release. Therefore, habeas corpus does not lie. Ordinarily, the appropriate action for this court to undertake would be to convert the present proceeding to a CPLR article 78 proceeding challenging DOCS’ administrative action in its sentencing calculation (see CPLR 103). Inasmuch as DOCS is not a party to the present proceeding, however, such relief is unavailable. Relator is free, of course, to pursue article 78 relief in a separate proceeding against the appropriate party respondents.*
Accordingly, it is ordered and adjudged that the instant petition is dismissed.

 Relator may, of course, be well advised first to request administratively that DOCS seek to arrange his resentencing pursuant to Correction Law § 601-a.