OPINION OF THE COURT
Elizabeth A. Garry, J.
Petitioner Thomas Lilley, who is incarcerated at the Camp Georgetown Correctional Facility in Georgetown, New York, filed a pro se verified petition for writ of habeas corpus against Randy James, Superintendent of the Camp Georgetown Correctional Facility, and against the New York State Department of Correctional Services (hereinafter DOCS) challenging the allegedly improper administrative decision of DOCS to run his current sentence consecutively to instead of concurrently with time owed on prior sentences. The court issued an order to show cause on August 14, 2008. The New York State Office of the Attorney General appeared on behalf of the respondent and submitted a verified answer and return dated September 23, 2008.
In 1997, petitioner was convicted in the County Court of Oneida County of assault in the first degree and sentenced to 5 to 10 years of imprisonment. Later in 1997, he was convicted in the County Court of Oneida County of attempted criminal possession of a controlled substance in the third degree and sentenced to 2 to 6 years of imprisonment, to run concurrently to the prior 1997 sentence. On December 13, 2002, while on parole for the 1997 convictions, petitioner was convicted in the County Court of Oneida County of attempted criminal possession of a controlled substance in the third degree and sentenced as a second felony offender to an indeterminate term of 4 to 8 years of imprisonment. At the time of the 2002 conviction, he had undischarged time remaining on his 1997 sentences. The 2002 sentence and commitment is silent as to whether the sentence was to run concurrently or consecutively to the 1997 sentences. (Respondent’s exhibit C.)
Petitioner contends that DOCS improperly calculated his 2002 sentence to run consecutively to his 1997 sentences. According to DOCS, petitioner has a parole reappearance in January of 2010, a conditional release date of October 16, 2010, and a maximum expiration date of January 4, 2015. Petitioner asserts that as a result of the sentencing court’s silence, the sentence imposed in 2002 runs concurrently to the 1997 terms pursuant *458 to Penal Law § 70.25 (1). Under this calculation, according to petitioner, his maximum expiration date should fall on May 10, 2010.
At the time petitioner committed the offenses which led to his 1997 and 2002 sentences, Penal Law § 70.25 (1) and (2-a) provided in pertinent part as follows:
“1. Except as provided in subdivisions two, two-a and five of this section, when multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence.
If the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run as follows:
“(a) An indeterminate or determinate sentence shall run concurrently with all other terms . . .
“2-a. When an indeterminate or determinate sentence of imprisonment is imposed pursuant to section 70.04, 70.06, 70.08 or 70.10 and such person is subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence.”
Until early 2008, the Appellate Division, Third Department, held that, without regard to the sentencing court’s silence, sentences imposed pursuant to the statutes enumerated in section 70.25 (2-a) ran consecutively to prior undischarged sentences as a matter of law. (People ex rel. Batista v Walsh, 48 AD3d 845 [3d Dept 2008]; Matter of Gray v Goord, 37 AD3d 904 [3d Dept 2007]; Matter of Williams v Goord, 25 AD3d 838 [2006], lv denied 7 NY3d 701 [2006]; Matter of Moore v Goord, 34 AD3d 909 [3d Dept 2006]; Matter of Martinez v Goord, 30 AD3d 868 [3d Dept 2006]; Matter of Valentin v Smith, 30 AD3d 862 [3d Dept 2006], Iv denied 7 NY3d 717 [2006].) The appellate courts in the Second Department and the Fourth Department have repeatedly reached the same conclusions. (People v Fucci, 16 AD3d 597 [2d Dept 2005], lv denied 5 NY3d 788 [2005]; Matter of *459 Madison v Goord, 274 AD2d 483 [2d Dept 2000]; Correa v New York State Div. of Parole, 52 AD3d 1251 [4th Dept 2008]; People ex rel. Roache v Connell, 31 AD3d 1199 [4th Dept 2006], Iv denied 8 NY3d 803 [2007], rearg denied 8 NY3d 907 [2007]; Matter of Grant v Goord, 252 AD2d 978 [4th Dept 1998].)
On February 28, 2008, the Appellate Division, Third Department, issued People ex rel. Gill v Greene (48 AD3d 1003 [3d Dept 2008].) There, as here, when the petitioner was sentenced as a second felony offender, the sentencing court was silent with regard to whether his new sentence was to run concurrently or consecutively to his prior sentences. DOCS made an administrative determination that the sentences ran consecutively pursuant to Penal Law § 70.25 (2-a), and the Supreme Court of Washington County denied the petitioner’s application for a writ of habeas corpus challenging that determination. The petitioner was conditionally released on parole before his appeal from the denial was decided. Rather than dismissing the application as moot, the Court granted the petitioner’s request to convert the matter to a proceeding under CPLR article 78.
The petitioner in Gill conceded that the sentencing court was required to impose consecutive sentences under Penal Law § 70.25 (2-a), but like petitioner in this action, he argued that DOCS had no authority to correct the sentencing court’s error and that his sentences ran concurrently pursuant to Penal Law § 70.25 (1). The Appellate Division, Third Department, agreed as to the authority of DOCS, holding that
“while DOCS has a role in correcting an unlawful sentence, a court is the only body authorized to impose a correct sentence . . . The only cognizable sentence is the one imposed by the judge. Any alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect. We therefore agree with petitioner that DOCS had no authority to calculate his sentences consecutively where the court did not do so.” (Id. at 1004-1005 [citations and internal quotation marks omitted].)
The Court clearly did not go so far as to hold that Penal Law § 70.25 (1) caused the Gill petitioner’s sentences to run concurrently as a result of the sentencing court’s silence. The Court made no determination on that question. The holding merely established that “[i]nstead of usurping the power of the courts, upon discovering an illegal sentence DOCS should inform the prosecuting attorney or the sentencing court and allow the *460 sentence to be corrected judicially, rather than administratively.” {Id. at 1005 [citations omitted].) The administrative decision to run the sentences consecutively was annulled, as this is a judicial function. The Appellate Division, Third Department, subsequently repeated this holding in Matter of Ettari v Fischer (54 AD3d 460 [3d Dept 2008]), finding as in Gill that DOCS has no authority to calculate a prisoner’s sentences as running consecutively to previously imposed sentences under Penal Law § 70.25 (2-a) when the sentencing court was silent on the issue.
Respondent contends that the holding in Matter of Hopkins v New York State Bd. of Parole (51 AD3d 1311 [3d Dept 2008]), decided after Gill and before Ettari, is inconsistent with those holdings. Hopkins was an appeal from the denial of parole release and did not involve a challenge to the authority of DOCS to impose consecutive sentences not pronounced by the sentencing court. The Hopkins appellant argued that his most recently imposed sentence ran concurrently rather than consecutively to prior undischarged sentences, apparently as a result of the sentencing court’s silence. He claimed that the most recent sentence had expired at the time of the parole denial and that the Parole Board had considered erroneous information, namely that he was serving the most recent sentence at that time. The Appellate Division, Third Department, refused to annul the parole denial, holding that the appellant was “still subject to” the most recent sentence, which ran consecutively to his prior undischarged sentences as a matter of law under Penal Law § 70.25 (2-a). {Id. at 1312.) Thus, Hopkins did not alter the holding in Gill that only the sentencing court may correct an unlawful sentence. However, the determination that the petitioner was “still subject to” a consecutive sentence offers some clarification with regard to the Gill court’s silence on the question whether the sentences ran concurrently under Penal Law § 70.25 (1).
In this case, as in Gill, petitioner concedes that section 70.25 (2-a) requires his 1997 and 2002 sentences to run consecutively to his previously imposed sentences. Therefore, even if DOCS calculated the sentences to run concurrently, the sentences would be unlawful and DOCS would be acting outside its authority. Petitioner is subject to consecutive, not concurrent sentences by operation of law. (Hopkins, supra.) To find, as petitioner urges, that his sentences should be calculated concurrently pursuant to Penal Law § 70.25 (1) would be to ignore both the explicit exception in that provision for cases subject to *461 subdivision (2-a) and the determination in Gill that the proper remedy for the error under consideration is resentencing rather than a determination that the sentences run concurrently.
Habeas corpus relief is available only when an inmate demonstrates that he is entitled to immediate release from prison, and an inmate is not entitled to immediate release until his maximum expiration date is reached. (People ex rel. Harris v Fischer, 53 AD3d 632 [3d Dept 2008]; People ex rel. Porter v Napoli, 56 AD3d 830 [3d Dept 2008].) Even if petitioner’s sentences are calculated as he contends they should be, he has not yet reached his maximum expiration date. Habeas corpus relief is therefore not available. Nonetheless, as petitioner’s contention that his sentence is unlawful has merit, it is appropriate to convert the matter to a proceeding under CPLR article 78 challenging the action of DOCS in administratively imposing consecutive sentences. (CPLR 103 [c]; Gill, supra.)
As a preliminary matter, respondent contends that relief under article 78 is barred by the four-month statute of limitations in CPLR 217 (1), which begins to run when the challenged determination becomes final and binding on the petitioner. According to respondent, the proceeding is untimely because petitioner’s sentence calculation became final and binding on December 19, 2002, more than 5Vs years before he filed this proceeding. (Respondent’s exhibit E) However, the change in the law upon which petitioner seeks relief did not take effect until 2008. Further, petitioner’s confinement in the custody of DOCS is ongoing, and DOCS is therefore under a continuing duty to calculate his sentences correctly. (Matter of Kenny v Loos, 286 App Div 97 [3d Dept 1955].) Petitioner seeks not merely to annul the 2002 calculation of his sentence, but also to prevent DOCS from continuing to act in accordance with that calculation by imposing confinement upon him. The alleged harm is ongoing and the matter is not time-barred. (Taub v Committee on Professional Stds. for Third Jud. Dept., 200 AD2d 74, 76 [3d Dept 1994].)
In Gill, the Third Department held that the remedy for a sentencing error like the one presented here is for DOCS to inform the prosecuting attorney or the sentencing court so that the sentence can be judicially corrected. (See Correction Law § 601-a [which sets out the procedure for DOCS to follow to obtain correction of an illegal sentence].) The Court of Appeals reached a similar conclusion with regard to the failure to impose *462 postrelease supervision at sentencing in People v Sparber (10 NY3d 457 [2008]). The sentencing court has the inherent power to correct a sentence imposed illegally pursuant to Penal Law § 70.25 (2-a) (People v DeValle, 94 NY2d 870 [2000]), and the one-year time limit imposed by Criminal Procedure Law § 440.20 does not prevent the sentencing court from correcting its own errors. (Sparber at 472 n 6; People v Carpenter, 19 AD3d 730 [3d Dept 2005].)
Petitioner’s sentence is unlawful, and he is entitled to a resentencing hearing. DOCS must therefore immediately follow the procedures set out in Correction Law § 601-a for obtaining a resentencing hearing in the County Court of Oneida County. (See Warren v Department of Correctional Servs., Sup Ct, Albany County, Oct. 14, 2008, Zwack, J., index No. 3850-08.)
Conclusion
For the reasons and on the law set forth above, the proceeding is converted to a special proceeding under CPLR article 78, and the application is granted to the limited extent of finding that DOCS must consider petitioner an erroneously sentenced person within the meaning of Correction Law § 601-a, and therefore directing DOCS to commence the procedures established in that statute to obtain petitioner’s resentencing in the County Court of Oneida County. The application is otherwise denied.