In the Matter of ALLEN HARPER, Appellant-Respondent, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents-Appellants. [888 NYS2d 789]—

Cross appeals from a judgment of the Supreme Court (Donohue, J.), entered January 20, 2009 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In June 2002, petitioner was sentenced as a persistent violent felony offender to an aggregate prison term of 20 years to life upon his conviction of robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the third degree. Neither the sentence and commitment order nor the sentencing minutes specified the manner in which this sentence was to run relative to petitioner's prior undischarged prison terms. The Department of Correctional Services treated petitioner's 2002 sentence as running consecutively to his prior undischarged terms, prompting petitioner to commence this CPLR article 78 proceeding to challenge that computation. Supreme Court annulled the sentencing calculation and granted respondents a stay pending the Court of Appeals' resolution of *People ex rel. Gill v Greene* (48 AD3d 1003 [2008], *revd* 12 NY3d

1 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]). These appeals ensued.*

Where a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence required—even in the absence of an express judicial directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]; *People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434, 1435 [2009]; *People ex rel. Styles v Rabsatt*, 63 AD3d 1365, 1366 [2009]). As there is no dispute that petitioner was sentenced in 2002 as a persistent violent felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we perceive no error in the computation of his sentence (*see People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Rose, J.P., Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

---

* Petitioner's notice of appeal was limited to contesting the propriety of the stay. In light of the Court of Appeals' decision in *People ex rel. Gill v Greene* (12 NY3d 1 [2009]), we denied petitioner's subsequent motion to vacate the stay as unnecessary, thereby rendering his appeal moot. Hence, our inquiry is limited to the merits of respondents' cross appeal.