■ In the Matter of Arvin Collins, Respondent, v Frances M. Woodruff, as Inmate Record Coordinator of Shawangunk Correctional Facility, et al., Appellants. [888 NYS2d 923]—

In April 2001, petitioner was sentenced as a second violent felony offender to two prison terms of 25 years to life upon his conviction of two counts of murder in the second degree, together with a 25-year prison term upon his conviction of attempted murder in the second degree. Although the sentence and commitment order directed that the sentences imposed run

concurrently with one another, no mention was made as to the manner in which the 25-year sentence imposed for the attempted murder conviction was to run relative to petitioner's prior undischarged prison term.[1] The Department of Correctional Services treated petitioner's determinate sentence as running consecutively to his prior undischarged term, prompting petitioner to commence a CPLR article 78 proceeding to challenge that computation. Supreme Court (Bradley, J.) dismissed petitioner's application, finding that petitioner's sentence for attempted murder was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), and we affirmed (*Matter of Collins v Woodruff*, 32 AD3d 1139 [2006]). Following this Court's decision in *People ex rel. Gill v Greene* (48 AD3d 1003 [2008], *revd* 12 NY3d 1 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]), petitioner moved for reconsideration. Supreme Court (Cahill, J.) granted petitioner's motion and, upon reconsideration, annulled the underlying sentencing calculation. This appeal by respondents followed.

Where a sentencing court is required by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express judicial pronouncement to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Young v Artus*, 63 AD3d 1488, 1489 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]). Petitioner was sentenced in 2001 as a second violent felony offender and, with regard to his conviction for attempted murder, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Accordingly, we discern no error in the computation of his sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Supreme Court's judgment is, therefore, reversed, and the petition is dismissed.[2]

Mercure, J.P., Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

---

**1.** The sentences for the murder convictions were imposed pursuant to Penal Law § 70.00 and, hence, were not subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a) and are not at issue on appeal.

**2.** To the extent that petitioner claims he was denied the benefit of his plea bargain, his remedy is to seek whatever postconviction relief may be available to him in the context of a CPL article 440 motion.