THE PEOPLE OF THE STATE OF NEW YORK ex rel. TIMOTHY FAIR, Appellant, v DAVID ROCK, as Superintendent of Great Meadow Correctional Facility, Respondent. [903 NYS2d 785]—

Appeal from a judgment of the Supreme Court (Pritzker, J.), entered June 19, 2009 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1997, petitioner was sentenced under indictment No. 741/96 as a second violent felony offender to a controlling prison term of 13 years based upon his conviction of, among other crimes, burglary in the second degree. At that time, petitioner also was sentenced under indictment No. 120/97 as a second violent felony offender to a prison term of 2 to 4 years upon his conviction of escape in the first degree; various other concurrent sentences also were imposed upon the remaining counts in that indictment. The sentencing court specified that the sentence imposed for escape in the first degree under indict-

ment No. 120/97 would run consecutively to the sentence imposed for burglary in the second degree under indictment No. 741/96; all other sentences imposed under those indictments would run concurrently. Thereafter, in 1998, petitioner was sentenced as a second felony offender to a prison term of 1½ to 3 years upon his conviction of attempted escape in the first degree. The sentence and commitment order specified that such sentence was to run consecutively to the sentence petitioner then was serving, but neither the 1997 sentencing minutes nor any of the sentence and commitment orders addressed the manner in which petitioner's 1997 and 1998 sentences were to run relative to his prior undischarged prison term. The Department of Correctional Services treated petitioner's 1997 and 1998 sentences as running consecutively to his prior undischarged term, prompting petitioner to commence this habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court dismissed petitioner's application and this appeal ensued.

We affirm, albeit for reasons other than those expressed by Supreme Court. The crux of petitioner's argument is that the Department of Correctional Services erred in running his 1997 and 1998 sentences consecutively to the time owed on his prior undischarged term. There is no dispute, however, that the 1997 and 1998 sentences were subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a statute compels the sentencing court to impose a consecutive sentence, the court is deemed to have imposed the consecutive sentence the law requires—notwithstanding the court's silence on this point (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *Matter of Tucker v New York State Dept. of Correctional Servs.*, 66 AD3d 1103, 1104 [2009]; *Matter of Dalton v James*, 66 AD3d 1095, 1096 [2009]). As we perceive no error in the computation of petitioner's sentence (*see Matter of Hunt v Fischer*, 66 AD3d 1105, 1106 [2009]), Supreme Court's judgment is affirmed. To the extent that petitioner contends that he was denied the benefit of his plea bargain, his remedy lies in whatever relief may be available via an appropriate CPL article 440 motion (*see Matter of Collins v Woodruff*, 68 AD3d 1233, 1234 n 2 [2009]).

Mercure, J.P., Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.