■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VALENTIN, Appellant. [673 NYS2d 600] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rutledge, J.), rendered June 26, 1996, convicting him of robbery in the first degree, robbery in the second degree (two counts), grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the first degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The showup identification of the defendant, which took place in close spatial and temporal proximity to the commission of the crime, was proper (*see, People v Duuvon,* 77 NY2d 541; *People v Thomas,* 244 AD2d 585; *People v Rosa,* 231 AD2d 534; *People v Falcon,* 228 AD2d 517).

Moreover, resolution of issues of credibility, as well as the

weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94; *People v Scott,* 168 AD2d 523). Its determination should not be disturbed unless clearly unsupported by the record (*People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490, 495).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.