■ In the Matter of ABDULLAH Y. SALAHUDDIN, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Programs, Respondent. [742 NYS2d 134] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner challenges the evidentiary basis of the determination which found him guilty of violating the prison disciplinary rule that prohibits inmates from engaging in conduct which involves the threat of violence. In particular, petitioner contends that the determination could not be based solely on hearsay consisting of information provided by a confidential informant to the author of the misbehavior report. However, "[i]t is well settled that hearsay evidence in the form of confidential information relayed to the Hearing Officer may provide substantial evidence to support a determination of guilt where the Hearing Officer makes an independent assessment and determines that the information is reliable and credible" (*Matter of Vega v Goord*, 274 AD2d 807, 808). When our review of the record establishes that the confidential information was sufficiently detailed and probative to permit the Hearing Officer's independent assessment of reliability and credibility, a determination based on confidential information will not be disturbed (*see, e.g., Matter of Peters v Goord*, 280 AD2d 738). Thus, confidential information that is internally coherent and detailed may provide the requisite substantial evidence, particularly where it is corroborated in several important respects by independent evidence (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123).

In this case, the author of the misbehavior report testified that after he learned that an inmate had been stabbed, a confidential informant who had provided accurate information on a number of prior occasions informed him that the stabbing was the result of a struggle within the inmate Muslim community and that petitioner was one of several inmates who had conspired to have the victim assaulted. Although the victim was unable to identify his assailants, he confirmed that the assault was committed by inmates loyal to one of the Muslim factions. The author of the misbehavior report testified that

during the course of his further investigation of the assault, other confidential sources confirmed petitioner's involvement. Considering the detail and internal coherence of the confidential information described by the author of the misbehavior report, together with the past reliability of the informant and the independent corroboration of several of the details described by the informant, we conclude that there was an adequate basis for the Hearing Officer to make an independent assessment of the reliability and credibility of the information provided by the informant (*see, e.g., Matter of McDermott v Selsky*, 288 AD2d 669). There is no support in the record for petitioner's claim that the Hearing Officer failed to make the required independent assessment.

Petitioner's remaining claims have been considered and, to the extent that they were preserved for our review, we find them to have no merit. The determination is supported by substantial evidence and, therefore, it will be confirmed.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.