■ In the Matter of ABDULLAH Y. SALAHUDDIN, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [804 NYS2d 825]—

Appeal from a judgment of the Supreme Court (Benza, J.), entered November 9, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from engaging in conduct entailing the threat of violence. The determination resulted from his involvement, along with five others, in the assault of another inmate in December 2000. Petitioner commenced a CPLR article 78 proceeding challenging the determination, which was confirmed by this Court in April 2002 (*Matter of Salahuddin v Selsky*, 293 AD2d 900 [2002], *lv denied* 98 NY2d 614 [2002]). In the meantime, during July and December 2001, three of the inmates who were also involved in the assault successfully obtained administrative reversals of the prison disciplinary determinations finding them guilty of charges arising from this incident. After unsuccessfully seeking administrative reconsideration of his adverse disciplinary determination, petitioner commenced the instant CPLR article 78 proceeding seeking to have it overturned, citing the administrative reversals granted to the

three other inmates. Following joinder of issue, Supreme Court dismissed the proceeding, finding that it was precluded by res judicata. Petitioner appeals.

We affirm. "[T]he doctrine of res judicata bars a cause of action that was raised and adjudicated, or which could have been raised and adjudicated, in a prior action or proceeding" (*Matter of Burgess v Goord*, 285 AD2d 753, 755 [2001]). In the case at hand, petitioner challenges the sufficiency of the evidence underlying the prison disciplinary determination. Petitioner, however, already challenged the evidentiary basis of this determination in the prior proceeding (*see Matter of Salahuddin v Selsky, supra* at 900). Consequently, Supreme Court properly dismissed the proceeding based on res judicata. In any event, we note that the administrative reversals rendered in the three other cases would not mandate reversal of petitioner's prison disciplinary determination because the circumstances giving rise to reversal in those matters are not present herein.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.