Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered April 9, 2012 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision computing petitioner’s prison sentence.
As relevant to this appeal, petitioner was sentenced in November 1988 to an aggregate prison term of 4 to 12 years for, among other crimes, manslaughter in the second degree. After engaging in new criminal activity while participating in a temporary release program, petitioner was convicted of three counts of robbery in the first degree and sentenced in April 1995 as a second felony offender to three concurrent prison terms of 10 to 20 years. The Department of Corrections and Community Supervision calculated petitioner’s 1988 and 1995 sentences as running consecutively, prompting him to commence this CPLR article 78 proceeding to challenge that computation. Supreme Court dismissed the petition and petitioner filed a notice of appeal therefrom. Subsequently, the court issued an amended judgment in June 2012 correcting a typographical error.*
We affirm. Where a sentencing court is required to impose a *980 consecutive sentence, it is deemed to have done so even, as here, in the absence of an express judicial directive to that effect (see Matter of Garcia v Fischer, 77 AD3d 999, 999-1000 [2010]; People ex rel. Nadal v Rivera, 63 AD3d 1434, 1435 [2009]). Thus, where petitioner’s sentences were required to run consecutively pursuant to Penal Law § 70.25 (2-a), the Department did not err in its computation (see People ex rel. Gill v Greene, 12 NY3d 1, 6-7 [2009], cert denied sub nom. Gill v Rock, 558 US 837 [2009]; Matter of Phillips v Fischer, 1A AD3d 1660, 1660 [2010]). To the extent that petitioner contends that the sentencing court intended for his 1995 sentences to run concurrently with those imposed in 1988, that assertion is belied by the fact that the court issued a sentence on each count in excess of that requested by the People. We have examined petitioner’s remaining contentions and find them to be without merit.
Mercure, J.P, Stein, Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.

 Although petitioner only filed a notice of appeal from Supreme Court’s April 2012 judgment, inasmuch as the amended judgment is not materially different and no prejudice is claimed, we will exercise our discretion and treat this as a valid appeal from the amended judgment (see CPLR 5520 [c]; Matter of Weiner v Glenman Indus. & Commercial Contr. Corp., 95 AD3d 1516, 1517 n [2012]).