*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 15, 2016                522094
_____

In the Matter of THOMAS SMITH,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

TINA STANFORD, as Chair of the
    New York State Board of
    Parole, et al.,
                    Respondents.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

                    _____

        Thomas Smith, Malone, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondents.

                    _____

        Appeal from a judgment of the Supreme Court (Hard, J.), entered October 6, 2015 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision executing sentences imposed upon petitioner.

        On November 24, 2010, petitioner was sentenced as a second felony offender to a prison term of 2½ to 5 years upon his conviction of robbery in the third degree.[1]  He was released to

_____

        [1]  At the time that the 2010 sentence was imposed, he had completed his prison sentence on a 2006 conviction and was released to postrelease supervision, the terms of which he

postrelease supervision in June 2013, but was declared delinquent in July 2013 and returned to the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) on a detainer warrant. Following a final revocation hearing in August 2013, he was found to have violated the terms of his release and he remained in custody. On March 24, 2014, petitioner was sentenced upon his conviction of two crimes that occurred in July 2013 while he was on release. Specifically, he was convicted of robbery in the third degree and attempted robbery in the third degree and was sentenced as a second felony offender to respective prison terms of 3½ to 7 years and 2 to 4 years, to run concurrently to each other. Following the expiration of the undischarged portion of his 2010 sentence, DOCCS executed the 2014 sentences under which petitioner is currently incarcerated.

Petitioner brought this application, which he denominated a "verified petition for habeas corpus relief," challenging DOCCS's execution of his 2014 sentences. Following service of respondents' answer, Supreme Court treated the application as a CPLR article 78 proceeding and dismissed the petition. Petitioner now appeals.

Petitioner contends, among other things, that he is being illegally held pursuant to an expired detainer warrant, inasmuch as DOCCS did not have a valid uniform sentence and commitment order in its possession when it began executing the 2014 sentences. There is, however, no support in the record for petitioner's claim. After petitioner was returned to DOCCS's custody following his August 2013 violation, the maximum expiration date of his 2010 sentence was adjusted to March 28, 2015. DOCCS could not have started executing the 2014 sentences until after this date had passed. Notably, the uniform sentence and commitment order governing the 2014 sentences was issued on March 24, 2014, an entire year earlier. Therefore, we find petitioner's argument to be unpersuasive.

Petitioner further asserts that DOCCS erred in treating the 2014 sentences as running consecutively to the undischarged

violated.

portion of the 2010 sentence. However, inasmuch as petitioner was sentenced as a second felony offender on the 2014 convictions and was still subject to an undischarged term of imprisonment on the 2010 conviction, the 2014 sentences were required by statute to run consecutively to the undischarged sentence (see Penal Law § 70.25 [2-a]; People ex rel. Gill v Greene, 12 NY3d 1, 5-7 [2009], cert denied sub nom. Gill v Rock, 558 US 837 [2009]). Therefore, DOCCS properly executed the 2014 sentences. Petitioner's remaining arguments, to the extent that they are properly before us, have been considered and are unavailing.

Peters, P.J., Garry, Rose, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court