Matter of Smith v Annucci (2018 NY Slip Op 04803)





Matter of Smith v Annucci


2018 NY Slip Op 04803


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]In the Matter of THOMAS SMITH, 
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: May 8, 2018

Before: Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ.


Thomas Smith, Malone, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondents.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Collins, J.), entered September 5, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision, among other things, calculating petitioner's jail time credits.
In 2010, petitioner was convicted of robbery in the third degree and sentenced as a second felony offender to a prison term of 2½ to 5 years, and he began serving his sentence (hereinafter the 2010 sentence). During his release to parole supervision in 2013, he was returned to the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) to complete his 2010 sentence after violating the conditions of his release and was later arrested for committing additional robbery-related crimes earlier that year while on release. On October 29, 2013, petitioner was transferred to the New York City Department of Correction (hereinafter NYCDOC) in connection with the 2013 robbery-related crimes and, in 2014, he was convicted of those crimes and sentenced to concurrent prison terms of 3½ to 7 years and 2 to 4 years (hereinafter the 2014 sentence). Petitioner was returned to the custody of DOCCS on July 2, 2014. After he served the undischarged portion of his 2010 sentence, he began serving his 2014 sentence, which he is currently serving.
In 2015, petitioner commenced a CPLR article 78 proceeding challenging DOCCS's calculation of his sentences and the consecutive treatment of his 2010 and 2014 sentences. This Court upheld the dismissal of that petition by Supreme Court (Hard, J.), holding, among other things, that the 2014 sentence was required to run consecutively to the undischarged 2010 sentence, by operation of law (see Matter of Smith v Stanford, 142 AD3d 1208, 1209-1210 [2016], citing Penal Law § 70.25 [2-a]). After that first proceeding had been decided by [*2]Supreme Court, NYCDOC issued an amended jail time certificate rescinding an earlier certificate and effectively determining that petitioner was not entitled to jail time credit toward the 2014 sentence for the period between October 29, 2013 and November 2, 2014, i.e., 246 days. DOCCS thereafter recalculated petitioner's 2014 sentence, with other jail time credits, establishing a conditional release date (May 8, 2019) and a maximum expiration date (March 28, 2022).
Petitioner then commenced this CPLR article 78 proceeding contending, among other things, that DOCCS should have treated the 2010 and 2014 sentences as running concurrently. Supreme Court (Collins, J.) dismissed the petition, and petitioner now appeals.
We affirm. With regard to petitioner's claim that the 2010 and 2014 sentences should run concurrently rather than consecutively, this exact argument was raised and expressly rejected by this Court in his prior CPLR article 78 proceeding (id. at 1209-1210). Accordingly, this contention is precluded under principles of res judicata (see Matter of Martin v Central Off. Review Comm. of N.Y. State Dept. of Correctional Servs., 69 AD3d 1237, 1238 [2010]; see also Matter of Josey v Goord, 9 NY3d 386, 389-390 [2007]; Matter of Gee v Desimone, 128 AD3d 1116, 1117 [2015]; Matter of Green v Selsky, 56 AD3d 831, 832 [2008], lv denied 12 NY3d 703 [2009]; Matter of Salahuddin v Goord, 23 AD3d 787, 788 [2005], lv denied 6 NY3d 704 [2006]).
We further find that, contrary to petitioner's claim, DOCCS correctly applied the amended certificate issued by NYCDOC, which rescinded the 246-day jail time credit for the period in issue (October 29, 2013 to July 2, 2014), and determined that he was not eligible for credit for this period toward his 2014 sentence [FN1]. Initially, petitioner could not have raised this claim in his earlier special proceeding, as the amended certificate was not issued until October 5, 2015, which was after Supreme Court (Hard, J.) issued a judgment in the earlier proceeding. Thus, this argument is not precluded by res judicata (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347-349 [1999]). However, as Supreme Court (Collins, J.) correctly concluded in addressing the claim in this proceeding, petitioner was not entitled to jail time credit toward his 2014 sentence for this period because this time had already been credited toward his 2010 sentence. That is, petitioner was still serving the undischarged portion of his 2010 sentence when he was transferred to NYCDOC on October 29, 2013 and, thus, he received credit for that time toward his 2010 sentence and could not also receive credit for that time toward his subsequent, consecutive 2014 sentence (see Penal Law § 70.30 [3]; Matter of Maldonado v Howard, 148 AD3d 1501, 1502 [2017], lv denied 29 NY3d 916 [2017]). Petitioner's remaining claims have been examined and, to the extent that they are preserved, have been found to be without merit.
Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: While petitioner challenged the denial of other jail time credits in his petition, he limits his arguments in his brief to this 246-day period and has abandoned any challenge to the other periods (see Matter of Denes [Commissioner of Labor], 147 AD3d 1144, 1147 [2017]).