Matter of Bond v Annucci (2020 NY Slip Op 07637)





Matter of Bond v Annucci


2020 NY Slip Op 07637


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

529280

[*1]In the Matter of Thomas Bond, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


The Legal Aid Society, New York City (Laura Boyd of counsel), for appellant.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the Supreme Court (Elliott III, J.), entered May 24, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the Department of Corrections and Community Supervision to recalculate certain sentences to run concurrently.
In 2010, petitioner was convicted of attempted burglary in the second degree and sentenced, as a persistent violent felony offender, to a prison term of 12 years to life (hereinafter the original 2010 sentence). Petitioner's persistent sentencing status was based upon felony convictions in 1986 and 2000. In 2012, petitioner moved to vacate that sentence pursuant to CPL 440.20, arguing that he was not a persistent violent felony offender; Supreme Court (Price, J.) vacated the original 2010 sentence and resentenced petitioner as a second violent felony offender to a prison term of seven years to be followed by five years of postrelease supervision (hereinafter the 2010 resentence), and petitioner was released on postrelease supervision (hereinafter PRS). While the People's appeal from the 2010 resentence was pending, petitioner was arrested on new charges stemming from conduct in 2012 and later pleaded guilty to several crimes; he was sentenced in 2013 to an aggregate prison term of 14 years, as a second felony offender (hereinafter the 2013 sentence).[FN1] Thereafter, on the People's appeal from the 2010 resentence, the First Department, relying on recent Court of Appeals authority, concluded that petitioner was not entitled to relief under CPL 440.20 with regard to the original 2010 sentence, vacated the 2010 resentence, and reinstated the original 2010 sentence (see People v Bond, 115 AD3d 611 [2014]).
In 2015, petitioner filed a second motion pursuant to CPL article 440 to vacate the original 2010 sentence, this time based upon a claim of ineffective assistance of counsel in failing in 2010 to challenge the 2000 predicate conviction under People v Catu (4 NY3d 242 [2005]). Supreme Court (Price, J.) initially concluded, based upon then-governing precedent, that petitioner's 2000 predicate conviction could not be relied upon in determining his sentencing status, vacated the original 2010 sentence, and resentenced him, as a second felony offender, to a prison term of five years in prison with five years of PRS (see People v Bond, 52 Misc 3d 207, 2009-2011 [Sup Ct, Bronx County 2016]). Supreme Court (Bruce, J.) later granted the People's application pursuant to CPL 440.40 to set aside that resentence based upon People v Smith (28 NY3d 191 [2016]), which held that Catu does not apply retroactively in enhanced sentencing proceedings, and ordered that the original 2010 sentence be reinstated. Following a sentencing appearance in March 2018, petitioner was resentenced upon his 2010 conviction, as a persistent violent felony offender, to the original prison term of 12 years to life.[FN2] The court did not address how the reinstated original 2010 [*2]sentence would run with regard to the 2013 sentence.
The Department of Corrections and Community Supervision (hereinafter DOCCS) thereafter calculated petitioner's parole eligibility date to be in 2030, treating the 2018 proceeding as a reinstatement of the original 2010 sentence and not a de novo resentencing. Finding that petitioner (1) was subject to the undischarged 2010 sentence at the time that he was sentenced in 2013 and (2) committed the crimes underlying the 2013 convictions after the original 2010 sentence was imposed, DOCCS concluded that consecutive sentences were required by Penal Law § 70.25 (2-a).
Petitioner commenced this CPLR article 78 proceeding seeking to compel DOCCS to calculate his sentences to run concurrently pursuant to Penal Law § 70.25 (1) (a). Petitioner argued, among other points, that the 2018 sentencing court did not specify how the sentences would run and, thus, they must run concurrently. DOCCS opposed that relief, contending that the sentences must run consecutively, as required by Penal Law § 70.25 (2-a), and that Supreme Court (Bruce, J.) had no authority in 2018 to alter the original 2010 sentence. Supreme Court (Elliott III, J.) denied the requested relief. Petitioner appeals.
We affirm. DOCCS properly calculated petitioner's 2013 sentence as running consecutively to his reinstated original 2010 sentence, as required by Penal Law § 70.25 (2-a). As the foregoing summary establishes, the original 2010 sentence was never properly disturbed and, when Supreme Court (Bruce, J.) set aside the second resentencing in 2017 on the People's motion, it ordered "reinstate[ment of the] original indeterminate sentence of [12] years to life in prison with the designation as a mandatory persistent felony offender." The court later followed its own directive and reinstated that original 2010 sentence and status; although the court gave petitioner an opportunity to create a record challenging one of his predicate convictions, it did not conduct a de novo sentencing. As the court merely reinstated the original 2010 sentence, DOCCS properly deemed that sentence to have been imposed in 2010.
As relevant here, pursuant to Penal Law § 70.25 (2-a), where a person is sentenced as a second felony offender and "such person is subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence." Petitioner was sentenced as a second felony offender in 2013 and was then subject to the undischarged 2010 indeterminate sentence, and the crimes underlying the 2013 sentence were committed in 2012, after the original 2010 sentence was imposed; thus, DOCCS was required by Penal Law
§ 70.25 (2-a) to calculate the sentences as running consecutively (see People ex rel. Gill v Greene, 12 NY3d 1, 5-6 [2009], cert denied 558 US 837 [2009]). This is true regardless [*3]of whether the sentencing court specified how the sentences would run, as the statute itself requires consecutive sentencing (see id. at 6).
Petitioner is correct that, under the general default rule, when a sentencing court fails to address how the sentences run, they are to run concurrently (see Penal Law § 70.25 [1] [a], [b]). However, that default rule is inapplicable here, and none is needed as the statute provides the rule and "the court ha[d] no choice about which kind of sentence to impose" (People ex rel. Gill v Greene, 12 NY3d at 6). Thus, Supreme Court (Bruce, J.) "is simply deemed to have complied with the statute" — Penal Law § 70.25 (2-a) — requiring consecutive sentencing (id.; see Matter of Smith v Stanford, 142 AD3d 1208, 1209-1210 [2016]; Matter of Campbell v Fischer, 104 AD3d 979, 980 [2013]; Matter of Avent v Fischer, 70 AD3d 1145, 1145-1146 [2010]). Moreover, in 2018, after the resentence was vacated, the court did not impose an "additional term of imprisonment" within the meaning of Penal Law § 70.25 (1) but, rather, only reinstated the original 2010 sentence that had been twice erroneously vacated. In 2018, given that the original 2010 sentence was "in accordance with law," there was no sentencing discretion under Penal Law § 70.25 (1) as to the length of the sentence or how it would run (CPL 430.10; see People v Williams, 14 NY3d 198, 212 [2010], cert denied 562 US 947 [2010]). Neither the fact that the court held a formal sentencing proceeding in 2018 before reinstating the original 2010 sentence, nor the fact that CPL 440.40 (5) was the procedural vehicle employed to set aside the resentence and reimpose the original lawful 2010 sentence, requires a different result or calculation (see People v Lara, 167 AD3d 446, 448 [2018], lv denied 32 NY3d 1206 [2019]). To that end, "CPL 440.40 (5) required the court, after granting the People's motion to set aside the resentence that violated [People v] Smith[, 28 NY3d 191 (2016), supra], to 'resentence the defendant in accordance with the law,' which in this case means to reimpose the lawful [12-year to life] term without a de novo exercise of discretion" (People v Lara, 167 AD3d at 448, quoting CPL 440.40 [5]; see People v Vega, 177 AD3d 491, 491-492 [2019], lv denied 34 NY3d 1163 [2020]).
Finally, petitioner's reliance on Matter of Murray v Goord (1 NY3d 29 [2003]) is misplaced. Unlike the petitioner in that case, petitioner's 2010 judgment of conviction was never vacated, only the original 2010 sentence, and, ultimately, in 2018 the original 2010 sentence was reinstated, a ministerial act. Unlike Matter of Murray, there was no sentencing discretion to vary from the original lawful 2010 sentence ordered to be reinstated. We have examined petitioner's remaining contentions and determined that they similarly lack merit.
Garry, P.J., Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The record does not include the 2013 sentencing minutes and the uniform sentence and commitment order did not designate how the 2013 sentence would run with regard to the 2010 resentence.

Footnote 2: This was the minimum permissible sentence for a persistent violent felony offender convicted of attempted burglary in the second degree, a class D violent felony offense (see Penal Law §§ 70.02 [1] [b], [c]; 70.08 [2], [3] [c]).