Matter of Rahman v Annucci (2023 NY Slip Op 04249)

Matter of Rahman v Annucci

2023 NY Slip Op 04249

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

CV-23-0053
[*1]In the Matter of Rashid Rahman, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 23, 2023

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ.

Rashid Rahman, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Brian Lusignan of counsel), for respondent.

Appeal from a judgment of the Supreme Court (James P. Gilpatric, J.), entered August 21, 2020 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision calculating the length of petitioner's prison sentence.
In 1989, petitioner was convicted of murder in the second degree and criminal possession of a weapon in the second degree and received indeterminate prison sentences for those crimes. Petitioner's subsequent CPL article 440 motion was denied (People v Rahman, 155 Misc 2d 60, 63-67 [Sup Ct, NY County 1992]). In 1996, petitioner's judgment of conviction was affirmed, but the denial of his CPL article 440 motion was vacated and the matter was remitted (People v Rahman, 231 AD2d 745, 745-746 [2d Dept 1996]). Upon remittal, petitioner's CPL article 440 motion was granted resulting in the vacatur of his 1989 sentence, after which, in 1997, petitioner was resentenced, as a violent felony offender, to a prison term of 15 years to life for his conviction of murder in the second degree (hereinafter referred to as the 1997 sentence). In 2007, petitioner was released to parole supervision and, in 2011, declared delinquent. As relevant here, in 2013, based upon criminal conduct that petitioner committed in December 2009 while on parole supervision, petitioner was convicted of burglary in the second degree, criminal possession of a weapon in the second degree and attempted assault in the first degree (two counts). On March 21, 2013, petitioner was sentenced — and then in March 2014 he was resentenced — as a second violent felony offender, to four concurrent 15-year prison terms, to be followed by four five-year periods of postrelease supervision, all of which were to run nunc pro tunc from March 21, 2013 (hereinafter referred to as the 2014 sentence). Petitioner thereafter sought a recalculation of his 2014 sentence, arguing that he is entitled to time credit toward his 2014 sentence because that sentence should run concurrent to his 1997 sentence given that the 2014 sentencing court was silent as to how petitioner's undischarged 1997 sentence should run with the 2014 sentence. Petitioner also alleged that he was incorrectly sentenced in 2014 as a second violent felony offender. The Department of Corrections and Community Supervision rejected petitioner's contention, prompting petitioner to commence this proceeding pursuant to CPLR article 78. Supreme Court dismissed the petition, and petitioner appeals.
We affirm. Contrary to petitioner's claim that Penal Law § 70.25 (1) (a) requires that his sentences run concurrently, petitioner's sentences are required to run consecutively by operation of law. As relevant here, Penal Law § 70.25 (2-a) provides that, when a defendant is sentenced as, among other things, a second violent felony offender pursuant to Penal Law § 70.04 for a crime committed after the imposition of the first [*2]sentence, the sentences must run consecutive to one another (see Matter of Hendrix v Goord, 36 AD3d 1200, 1201 [3d Dept 2007], appeal dismissed 9 NY3d 859 [2007]; Matter of Valentin v Smith, 30 AD3d 862, 863 [3d Dept 2006], lv denied 7 NY3d 717 [2006]). "The Court of Appeals has held that this is the case even if the sentencing court has not expressly pronounced the manner in which the sentence is to run" (Matter of McBride v Fischer, 65 AD3d 1438, 1439 [3d Dept 2009], citing People ex rel. Gill v Greene, 12 NY3d 1, 4 [2009]; see Matter of Bond v Annucci, 189 AD3d 1843, 1846 [3d Dept 2020], lv denied 36 NY3d 912 [2021]).
Inasmuch as petitioner was resentenced in 2014 as a second violent felony offender under Penal Law § 70.04 for crimes committed in December 2009, it was mandatory that the 2014 sentence run consecutive to the undischarged term of imprisonment remaining on petitioner's prior 1997 sentence that was "imposed prior to the date on which the present crime[s] w[ere] committed" (Penal Law § 70.25 [2-a]; see Matter of Bond v Annucci, 189 AD3d at 1845; Matter of Hendrix v Goord, 36 AD3d at 1201; Matter of Valentin v Smith, 30 AD3d at 863). To the extent that petitioner challenges his 2014 sentencing designation as a second violent felony offender and the resulting committment order, that claim is not properly before us and "must be pursued through appropriate proceedings before the sentencing court" (Matter of Jackson v Fischer, 132 AD3d 1038, 1039 [3d Dept 2015] [internal quotation marks, brackets and citation omitted]). Therefore, the petition was correctly dismissed.
Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, without costs.