Matter of Freeman v Howard (2024 NY Slip Op 02116)

Matter of Freeman v Howard

2024 NY Slip Op 02116

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

CV-23-0814
[*1]In the Matter of Kirk Freeman, Appellant,
v
David Howard, as Superintendent of Woodbourne Correctional Facility, Respondent.

Calendar Date:March 22, 2024

Before:Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ.

Kirk Freeman, Altona, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), entered March 31, 2023 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, compel the Department of Corrections and Community Supervision to recalculate certain sentences to run concurrently.
In 2015, petitioner was convicted of criminal sale of a controlled substance in the third degree and sentenced, as a second felony offender, to a prison term of six years, followed by three years of postrelease supervision — which sentence was to be served as a sentence of parole supervision pursuant to CPL 410.91.[FN1] Following petitioner's release to parole supervision, he was declared delinquent. Thereafter, in 2017, petitioner was convicted of attempted criminal possession of a controlled substance in the third degree and sentenced, as second felony offender, to a prison term of four years, followed by three years of postrelease supervision. By operation of law, the Department of Corrections and Community Supervision (hereinafter DOCCS) calculated the 2017 sentence to run consecutively to the undischarged term of the 2015 sentence (see Penal Law § 70.25 [2-a]).
In August 2020, following a successful CPL 440.20 motion by petitioner alleging that he was not eligible for a parole supervision sentence pursuant to CPL 410.91, the 2015 sentence was vacated and petitioner was sentenced to a prison term of six years, followed by three years of postrelease supervision. In calculating petitioner's sentence, DOCCS treated the 2015 resentence as if it had commenced at the time the original 2015 sentence began (see Penal Law § 70.30 [5]) and ran the 2017 sentence consecutively to the 2015 resentence.[FN2]
Petitioner then commenced the instant proceeding challenging the sentencing calculation, claiming, among other things, that since the 2015 sentence was vacated and reimposed after the imposition of the 2017 sentence, Penal Law § 70.25 (2-a) is inapplicable and, therefore, his sentences should run concurrently. In addition, petitioner sought to expunge any parole records, violations and declaration of delinquency pertaining to the 2015 vacated sentence. Supreme Court dismissed the petition, finding that DOCCS correctly calculated the sentence in that the 2015 and 2017 sentences ran consecutively. Petitioner appeals.[FN3]

We affirm. Contrary to petitioner's contention, DOCCS properly calculated petitioner's 2017 sentence as running consecutively to his 2015 resentence. Penal Law § 70.25 (2-a) provides, as is relevant here, that when a person is sentenced as a second felony offender "and such person is subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence." Petitioner was subject to the 2015 sentence at the time he was sentenced as a second felony [*2]offender in 2017, as well as when he committed the underlying crime in 2016. As such, DOCCS was required under Penal Law § 70.25 (2-a) to run the 2017 sentence consecutively to the 2015 sentence, despite no express order by the sentencing court (see People ex rel. Gill v Greene, 12 NY3d 1, 4 [2009], cert denied sub nom. Gill v Rock, 558 US 837 [2009]; Matter of Rahman v Annucci, 219 AD3d 1040, 1042 [3d Dept 2023]).
Petitioner's subsequent resentencing on the 2015 conviction does not render the provision of Penal Law § 70.25 (2-a) inapplicable. Penal Law § 70.30 (5) provides, in relevant part, that "[w]hen a sentence of imprisonment that has been imposed on a person is vacated and a new sentence is imposed on such person for the same offense, or for an offense based upon the same act, the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced." Following the vacatur of the original 2015 sentence, petitioner was resentenced, as a second felony offender, to a prison term of six years, followed by three years of postrelease supervision. Unlike in Matter of Murray v Goord (1 NY3d 29 [2003]), on which petitioner relies, here, petitioner's 2015 judgment of conviction was never vacated, only the sentence (see Matter of Bond v Annucci, 189 AD3d 1843, 1846-1847 [3d Dept 2020], lv denied 36 NY3d 912 [2021]). The fact that petitioner was resentenced on the 2015 conviction does not alter the fact that, by operation of law, DOCCS was required to run the 2017 sentence consecutively to the undischarged portion of the 2015 resentence (see Penal Law §§ 70.25 (2-a); 70.30 [5]). Despite being raised in the petition, Supreme Court did not address petitioner's claim that any information related to the original vacated 2015 sentence regarding any parole records, violations or declaration of delinquency should be expunged. Any challenge to the alleged inaccuracy of information contained in petitioner's institutional record must be pursued in accordance with the procedures set forth in 7 NYCRR part 5 (see 7 NYCRR 5.50, 5.51, 5.52; see also Matter of Williams v Annucci, 189 AD3d 1839, 1841 [3d Dept 2020]).
Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Although the sentence and commitment order for the 2015 sentence contained in the petition and answer is dated "12/22/20," the parties agree this is a clerical error and the correct date is December 22, 2015.

Footnote 2:DOCCS thereafter received an order that was incorrectly dated "12/22/20" and, believing it was the latest resentencing order, recalculated petitioner's sentence based on that order — which appeared to have resentenced petitioner to the same original term as the initial 2015 order directing that the sentence be served as a sentence of postrelease supervision pursuant to CPL 410.91. The parties agree, however, that the "12/22/20" date was a clerical error and should have reflected the original 2015 sentencing date of December 22, 2015. In any event, any recalculation did not affect DOCCS's calculation that the 2017 and 2015 sentences must run consecutively.

Footnote 3:On December 1, 2022, while the matter was pending in Supreme Court, petitioner was again resentenced on the 2015 conviction — again with the sentencing court imposing a sentence of six years in prison, followed by three years of postrelease supervision but with no mention of the sentence being served as a sentence of postrelease supervision. DOCCS received this latest sentence and commitment order on January 3, 2024, after petitioner perfected this appeal. Two days prior to respondent submitting its brief, DOCCS, at the request of respondent, again reviewed petitioner's sentence calculation and, again, continued petitioner's 2017 sentence as running consecutively to the latest 2015 resentence. In view of the foregoing, and as the December 2022 resentencing resulted in the same sentence calculation as the August 2020 resentence that is the subject of this appeal, we exercise our discretion and review the merits in the interest of judicial economy (see generally Matter of Williams v Travis, 20 AD3d 622, 623 [3d Dept 2005]).